## THE KANSAS CITY, CLINTON & SPRINGFIELD RAILROAD COMPANY v. STORY, *Appellant.*

1. **Condemnation Proceeding : PRACTICE : CONSTITUTION.** A land-owner, who, pursuant to notice, appears before the judge in vacation, in a proceeding by a railroad company to condemn his land for a right of way, and requests the appointment of commissioners, does not thereby waive his right under the constitution (Const., art. 12, sec. 4), to have his compensation assessed by a jury, and his demand for a jury after the report of the commissioners has been filed and he has excepted to it, is in time.

2. ———— : ———— : ————: **STATUTE.** Although section 896 of the Revised Statutes only provides for a jury trial in cases where a new appraisement has been ordered, the owner will not be denied a trial by jury under the constitution where the report has been confirmed ; the constitutional provision is self-enforcing and must prevail.

3. ———— : ———— : ————: ————. The trial guaranteed by the constitution in such cases is one by a common-law jury of twelve men, with all the incidents pertaining to such a trial.

4. ———— : ———— : **REPORT OF COMMISSIONERS.** The report of the commissioners is sufficient in its description of the property for which damages are assessed, under Revised Statutes, section 894, requiring a specific description, where it refers to the road as being "located over, through and upon the land in question" and is accompanied by a plat, which, with the plat and profile required by law to be filed in the county clerk's office, fully shows its location.

5. ———— : ———— : **DAMAGES.** The inquiry as to the damages in a condemnation proceeding should not be confined to the land described in the petition, but the damage sustained is that done to the entire tract by the taking of a portion of it.

| 96 | 611 |
| 99 | 206 |
| 96 | 611 |
| 100 | 290 |
| 96 | 611 |
| 41a | 502 |
| 96 | 611 |
| 102 | 560 |
| 96 | 611 |
| 103 | 469 |
| 105 | 594 |
| 96 | 611 |
| 106 | 461 |
| 96 | 611 |
| 110 | 160 |
| 110 | 488 |
| 96 | 611 |
| 113 | 142 |
| 113 | 393 |
| 113 | 465 |
| 113 | 667 |
| 117 | 146 |
| 54a | 538 |
| 96 | 611 |
| 118 | 355 |
| 120 | 37 |
| 120 | 123 |
| 96 | 611 |
| 128 | 84 |
| 128 | 292 |
| 96 | 611 |
| 133 | 520 |
| 96 | 611 |
| 154 | 160 |
| 96 | 611 |
| 160 | 412 |
| 160 | 455 |
| 96 | 611 |
| 94a | 3 29 |

6. ——— : ——— : ———. Arbitrary and lumping methods should not be resorted to in assessing damages in condemnation proceedings.

7. ——— : ——— : ——— : RAILROADS. Cuts and fills made in the construction of a railroad through land and the inconvenience thereby occasioned in reaching severed portions of the owner's land, should be considered in assessing damages.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED AND REMANDED.

THE petition in this case which was against Story and other owners on the route of the road is as follows :

"The petition of the Kansas City, Clinton & Springfield Railroad Company respectfully shows : That it is a corporation created and existing under and by virtue of the laws of the state of Missouri ; that your petitioner, in pursuance of the laws of said state, and of its charter, is about to construct, operate and maintain a standard or broad-gauge railroad in the counties of Cass, Henry, St. Clair, Hickory, Cedar, Polk and Greene, commencing on the west line of the state of Missouri, in the county of Cass, at a point where the eastern terminus of the line of railroad of the 'Johnson County Railroad Company,' a corporation of the state of Kansas, intersects said state line, thence through the county of Cass *via* Harrisonville, through the county of Henry *via* Clinton, and through the counties of St. Clair, Hickory, Cedar, Polk and Greene to a point on the line of railroad of the Fort Scott, South Eastern & Memphis Railroad Company, about twenty miles westerly from Springfield, in said county of Greene, together with the necessary side-tracks, turn-outs, stations and water-tanks, convenient for and appurtenant thereto.

"And your petitioner further shows that it needs and seeks to acquire for public use and for the purposes aforesaid the several parcels of land situate in the county

of Cass, and state of Missouri, described and owned as follows, to-wit, that is to say :  (Parcels belonging to other owners and not now in question in this case.)  Third parcel—one hundred feet in width in a general northwesterly and southeasterly direction, as said road is sought to be constructed over, through and upon the northwest quarter of section nine, in township forty-five, of range thirty-one, according to the location of said railroad, and which is owned and claimed by said defendant, Thomas R. Story ; that there is a deed of trust of date June 16, 1883, of record against said land executed by one O. H. Cogswell and wife, to defendant Leroy M. Sea, trustee, to secure six hundred and eleven and thirty-seven one hundredths dollars in favor of defendant, Isaac N. Rodgers, recorded in Book N, page 232, in recorder's office of said Cass county (other parcels belonging to other defendants and not now in question) ; that the one hundred feet in width in each of the foregoing parcels of land as specified is fifty (50) feet on each side of the centre of said railroad as indicated by stakes driven along the line of said road, and the map and profile thereof on file in the office of the clerk of the county court within and for Cass county, Missouri, and showing the location thereof.

"And your petitioner further says that it and the owners of said parcels of land, who are residents of the state of Missouri, cannot, nor can said petitioner and either of said owners, agree upon the proper compensation to be paid for said land or any interest therein, which it seeks to acquire, although it has endeavored so to do.

"Your petitioner therefore prays for the appointment by said court or by the judge thereof in vacation, of three disinterested freeholders, residents of said Cass county, as commissioners, or of a jury, to ascertain and assess the damages which the owners of said several parcels of land may severally sustain as the just compensation to which they may severally be entitled in

consequence of the construction, maintenance and operation of said railroad and appurtenances as aforesaid, and the use and occupation therefor."

And thereupon on the eighth day of November, 1884, the judge of the Cass county circuit court in vacation, upon the hearing of said petition, appointed H. M. Bledsoe, William Kelley and F. E. Bybee commissioners to assess the damages under said petition. And afterwards, to-wit, on the fifteenth day of November, 1884, the said commissioners filed their report as follows :

"We, the undersigned, H. M. Bledsoe, William Kelley and F. E. Bybee, three disinterested freeholders, residents of the county of Cass, Missouri, appointed by the judge of said court in vacation on the eighth day of November, A. D. 1884, to view the lands hereinafter described and return under oath an assessment of the damages which the owners of said land may severally sustain by reason of the taking, appropriation and condemnation thereof by said petitioner for public use for the purposes of its railroad and appurtenances, and to ascertain the just compensation to be paid to the owners for the land so taken and appropriated, and being first duly sworn to faithfully and impartially discharge said trust reposed in us according to the best of our ability, as appears from our several affidavits herewith filed, respectfully return and report under oath : That on the thirteenth day of November, A. D. 1884, we viewed the lands hereinafter described, and ascertained the just compensation to be paid to the owners thereof for taking the same and assess the damages, which said owners may and will severally sustain by reason of the taking, appropriation and condemnation of such lands by the petitioner for public use for the purposes of its railroad and appurtenances, and set forth and state the compensation and damages allowed each owner separately as follows, to-wit (parcels belonging to other

The Kansas City, C. & S. Ry. Co. v. Story.

owners): Third parcel: one hundred feet in width in a general northwesterly and southeasterly direction as said road is sought to be constructed and is located over, through and upon the northwest quarter of section nine (9), in township forty-five (45), of range thirty-one (31); that compensation shall be paid, and damages are allowed in the sum of four hundred and ten dollars to the owners thereof, said defendants, Thomas R. Story. [Other parcels belonging to other defendants.]

"A plat of said lands so taken and hereinbefore particularly described, is hereunto annexed, and made part of this report." Which report was duly signed and sworn to.

Attached to this report was the following plat:

TOWNSHIP NO. 45, RANGE 31, IN CASS CO., MO.

*Gates & Wallace* for appellant.

(1) The defendant was entitled to have the report of the commissioners set aside and a jury trial ordered as a constitutional right.    Const. of Mo. art. 12, sec. 4; *Railroad v. Almeroth*, 13 Mo. App. 91. (2) The defendant did not waive a jury by not objecting to the appointment of commissioners. This could not be done except by an express waiver entered on the record.    The point is raised by motion in arrest without any objection having been made and saved. R. S. 1879, sec. 3602; *Railroad v. Almeroth*, 13 Mo. App. 91; *Cox v. Moss*, 53 Mo. 432; *Brown v. Railroad*, 37 Mo. 298; *Vaughan v. Scale*, 30 Mo. 600; *Scott v. Russell*, 39 Mo. 407; *Pusy's Appeal*, 83 Pa. St. 67; *Lamb v. Lane*, 4 Ohio St. 167; *Whitehead v. Railroad*, 28 Ark. 460; *Campau v. Detroit*, 14 Mich. 276; *Railroad v. Foreman*, 24 West Va. 662; *People v. McRoberts*, 62 Ill. 38; *Kine v. Defenbaugh*, 64 Ill. 291. (3) All the farm belonging to the same owner and included in one tract must be included in the assessment whether embraced in the petition or not.    *Railroad v. Calkins*, 90 Mo. 538; *Railroad v. Waldo*, 70 Mo. 629; *Railroad v. Ridge*, 57 Mo. 599; *Railroad v. Murphy*, 19 Minn. 500. (4) The description in the petition and the report of the commissioners must give the boundaries and courses and distances of the tract taken. R. S. 1879, secs. 892, 894; *Railroad v. Porter*, 29 Pa. St. 165; *O'Hara v. Railroad*, 25 Pa. St. 445; *Railroad v. Bruner*, 55 Pa. St. 318; *Vail v. Railroad*, 1 Zabr. [N. J.] 189; *Lewiston v. Commissioners*, 30 Me. 19; *Conners v. Railroad*, 18 Mich. 459. (5) The record of the condemnation proceedings and the maps to which it refers for description constitute the muniment of title, and the only and conclusive evidence thereof, between the railroad company and the land-owner; and these must be sufficiently certain and definite to locate the exact strip of land taken.

*Hazen v. Railroad,* 2 Gray, 574 ; *Matter of Railroad,* 70 N. Y. 191 ; *Railroad v. Carter,* 85 Mo. 448 ; *Kolhepp v. West Roxbury,* 120 Mass. 599 ; *Macon v. Owen,* 3 Ala. 116 ; *Rice v. Railroad,* 7 Dana, 81 ; *Railroad v. Newsom,* 54 Ind. 121 ; *Matter of Application of Railroad,* 90 N. Y. 342 ; *Glover v. Boston,* 14 Gray, 282. ( 6 ) Cuts and fills are an element of damage, and should be taken into consideration by the commissioners. *Smalley v. Railroad,* 36 Iowa, 571 ; *Walker v. Railroad,* 103 Mass. 10 ; *Pelegar v. Railroad,* 28 Minn. 51 ; *Railroad v. Orr,* 8 Kan. 419 ; *Nason v. Railroad,* 4 R. I. 377 ; *Thompson v. Railroad,* 27 Wis. 93 ; *Price v. Railroad,* 27 Wis. 98 ; *Railroad v. Doughty,* 2 Zabr. 495; *Railroad v. Stauffer,* 60 Pa. St. 374 ; *Patton v. Railroad,* 33 Pa. St. 426 ; Mills on Eminent Domain, secs. 166, 189. ( 7 ) When the commissioners have erred in the principles upon which they have made their appraisal the report should be set aside. *Railroad v. Campbell,* 62 Mo. 585 ; *Railroad v. Brickett,* 62 Ill. 332.

*Wallace Pratt* and *W. J. Terrill* for respondent.

( 1 ) The defendant was not entitled to have the report of commissioners set aside and a jury trial ordered as a constitutional right. Const. Mo., art. 2, sec. 21 ; R. S. 1879, secs. 894, 896 ; *Railroad v. Brick Company,* 85 Mo. 307 ; 1 Wag. Stat. sec. 4, p. 328 ; *Railroad v. Richardson,* 45 Mo. 466 ; *Railroad v. Robinson,* 45 Mo. 483 ; *Bridge Company v. Ring,* 58 Mo. 491 ; *Railroad v. Almeroth,* 62 Mo. 343 ; *Railroad v. Muder,* 49 Mo. 166 ; *Macadamized Road Co. v. Dennis,* 67 Mo. 438 ; Laws 1873, p. 24 ; *Railroad v. Calkin,* 90 Mo. 538. ( 2 ) A jury in condemnation proceedings as defined by section 4, article 12, does not mean necessarily twelve men and is not in conflict with section 21, article 2, of the constitution of Missouri. Cooley Const. Lim. [ 4 Ed.] 25, 513 ; *Twitchell v. Commonwealth,* 7 Wall. 321 ; *Justices v. Murray,* 9 Wall. 274 ; *Edwards v. Elliott,* 21 Wall.

532 ; *Walker v. Lauvinet*, 92 U. S. 90 ; *Mann v. Illinois*, 94 U. S. 113 ; *Plank Road Co. v. Pickett*, 25 Mo. 535 ; *City v. Hill*, 80 Mo. 523 ; *Edwardson v. Garnhart*, 56 Mo. 81 ; *Railroad v. Fire Brick Co.*, 85 Mo. 307 ; Const. Mo. 1865, art. 1, sec. 17 ; 1 Wag. Stat. sec. 3, p. 327. (3) If Story had a constitutional right to a jury of more than three he waived same. *Merrill v. City*, 83 Mo. 252 ; *State v. Wagner*, 78 Mo. 644 ; Cooley Const. Lim. [5 Ed.] 216 ; *Dodd v. Thomas*, 69 Mo. 370 ; *Vaughn v. Scade*, 30 Mo. 604 ; *Tonill v. Somerville*, 22 Mo. App. 1 ; *Bruner v. Mercum*, 50 Mo. 405 ; *Tower v. Moore*, 52 Mo. 118 ; *Smith v. Monks*, 55 Mo. 106 ; *Hulett v. Nugent*, 71 Mo. 135 ; *Rippstein v. Ins. Co.*, 57 Mo. 86 ; *Peters v. Railroad*, 59 Mo. 406 ; *Pry v. Railroad*, 73 Mo. 123. (4) Having waived a jury Story will not now be permitted to deny the same or the record showing that fact. *Christian v. Wight*, 19 Mo. App. 165 ; *Fletcher v. Combs*, 58 Mo. 430 ; *State v. Primm*, 61 Mo. 166 ; *Thompson v. Freeman*, 53 Mo. 183 ; *Rumfelt v. O' Brien*, 57 Mo. 569 ; 2 Whart. Ev. secs. 980, 981, 982 and 1302. (5) This court will not interfere where trial court refused to sustain exceptions when testimony is conflicting. *Railroad v. Almeroth*, 62 Mo. 344 ; *Bridge Co. v. Schaubacher*, 49 Mo. 555 ; *Road Co. v. Dennis*, 67 Mo. 441 ; *Railroad v. Richardson*, 45 Mo. 466 ; *Railroad v. Muder*, 49 Mo. 166. (a) All presumptions are in favor of the action of the trial court. *State v. Burns*, 85 Mo. 47 ; *Porth v. Gilbert*, 85 Mo. 125 ; *Goode v. Crow*, 51 Mo. 212 ; *Acock v. Stuart*, 57 Mo. 150. (b) Nor will this court interfere in cases addressed to the discretion of the lower court. *Giffin v. Veil*, 56 Mo. 310 ; *Eidemiller v. Kump*, 61 Mo. 340. (6) Appellant in his exceptions filed did not raise the point that he was denied a jury, and he cannot raise that point in this court. *Railroad v. Almeroth*, 13 Mo. App. 91 ; *Davis v. Brown*, 67 Mo. 313 ; *Noble v. Blount*, 77 Mo. 241 ; *Walker v. Owens*, 79 Mo. 568 ; *Holmes v. Braidwood*, 82 Mo. 610-17. (7) The description of land condemned

was sufficient. *Railroad v. Kellogg,* 54 Mo. 334 ; R. S. sec. 786. ( 8 ) The measure of damages is the difference between the value of the land with the railroad and without the railroad. *Railroad v. Ridge,* 57 Mo. 599 ; *Lee v. Railroad,* 53 Mo. 178; *Welsh v. Railroad,* 19 Mo. App. 127.

SHERWOOD, J.—The present proceeding was instituted for the purpose of condemning, for a right of way, certain lands, owned by defendant and others who were joined with him. The petition was presented to the judge in vacation, due notice being given to those interested, and three commissioners were appointed to assess the damages, etc. At the next term, the commissioners made their report, the defendant appeared and filed various exceptions thereto, and at the conclusion of his exceptions, asked for a jury to assess his damages. Witnesses, including the commissioners, were thereupon heard as to the *quantum* of his damages, these exceptions were overruled, the report approved, and a jury denied him, and he appeals.

I. Section 4, article 12, of our constitution provides that : "The right of trial by jury shall be held inviolate in all trials of claims for compensation, when, in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right." It is urged by plaintiff that defendant waived his right of trial by jury when he appeared before the judge in vacation, and the commissioners were appointed at *his* "*instance and request.*" This, however, he denied upon oath, the issue being made by plaintiff's reply to the exceptions filed, charging that such commissioners were appointed in the manner already stated, and no one testified to the contrary of the defendant's statement.

It is also urged that the judgment confirming the report of the commissioners, recites that at defendant's "instance and request," the commissioners were

appointed in vacation, and therefore he is concluded by the record from making any denial of such recitals. This may be granted, but what does the concession amount to? The appointment of commissioners in vacation was merely an *initiatory step*, *a provisional measure*, which might or might not fix the right of the parties, as subsequent events should determine. Besides, at the time of the appointment of the commissioners, it was impossible for defendant to have had a jury, though never so desirous of obtaining one ; and if he had demanded one, and had been refused, there was no way known to the law, whereby he could have saved his exceptions to such refusal. These observations sufficiently indicate that defendant is not estopped by the record, and that he did not waive his right to demand a jury. A man can scarcely waive anything which is out of his reach. And as soon as the report of the commissioners came in, and was not regarded by him as altogether just, he exercised his right of disaffirmance, on the first opportunity, by filing his exceptions and demanding a jury. His demand was, therefore, timely.

But it is insisted, that under the provisions of section 896, a party is not entitled to a jury, except a "*new appraisement*" *be ordered*, and in this case there was none ordered, the report having been confirmed. Of this claim it is sufficient to say that if there be any incongruity between the statute and the constitutional provision already quoted, the latter must prevail. *The action or non-action of the legislative department of the government cannot defeat a constitutional right, nor place it in abeyance. The right being conceded, it carries with it the appropriate remedy. People ex rel. v. McRoberts*, 62 Ill. 38 ; *Kine v. Deffenbaugh*, 64 Ill. 291 ; Bishop's Stat. Crimes, sec. 137, and cas. cit.; *Ex parte Marmaduke*, 91 Mo. 265, 266, 267, and cas. cit. And when section 4, of article 12, *supra*, declares

that " the right of trial by jury shall be held inviolate," etc., the jury there meant is "the historical jury of twelve men," with all of its incidents. This rule applies without exception, unless a contrary purpose is unmistakably manifested. Cooley's Const. Lim. [5 Ed.] 506. In consequence of these views and authorities, it must be held that, under the section of the constitution upon which defendant relies, he is entitled to a common-law jury, and to all the incidents which pertain to a trial by such a body of men. By none of the foregoing remarks is it intended to be intimated that a party situated as was the defendant, could not waive his right to a jury trial. On the contrary, the opinion is that it was quite as competent for him to do so, and in a similar way, as if the cause were any ordinary civil action. The only point decided in regard to that is that the acts of the defendant disclosed by the record did not amount to such a waiver, and were not at all indicative of it.

The defendant claims that the report of the commissioners filed herein, is not in compliance with section 894, in that it does not contain "a specific description of the property for which damages are assessed." My associates are, however, of the opinion that the report is well enough in this respect, since it refers to the road as "*located over, through and upon*" the land in question, and gives a plat, and the plat and profile filed, according to the statute, in the office of the county clerk, shows just where the road is located, so that their conclusion is that the maxim, *id certum*, etc., applies in this instance. I do not concur in this view, because I believe that the report *on its face* must show the *precise strip of land taken*, and any report falling short of this does not comply with the statute, which requires the report to contain "*a specific description of the property*" taken. Mills' Em. Dom., sec. 115, and cas. cit.; *Mo. Pac. Ry. Co. v. Carter*, 85 Mo. 448. The object of this statutory requirement is obvious, the intent

being that the report is to be a monument of title, a permanent memorial which identifies with absolute certainty, and leaves nothing to parol testimony to identify the land taken, when in after years the center of the roadbed is shifted, and the temporary stakes have disappeared. But whatever the reason of the statute is, it is sufficient to say that its command is of itself a sufficient reason.

The commissioners, in their testimony, stated that in estimating the damages they did not take into consideration the question of how far the other one hundred and sixty acres in the same farm was affected. This was improper under the view taken by this court in *Springfield & Southern Ry. Co. v. Calkins*, 90 Mo. 538; *K. C. & N. W. Ry. Co. v. Waldo*, 70 Mo. 629; *Q., M. & P. Ry. Co. v. Ridge*, 57 Mo. 599.

The commissioners erred in other respects in making their estimate of damages. One of them says he put the damages at double the value of the land actually taken; another that they "lumped" the damages at four hundred and ten dollars, and they all say that in estimating the damages, they took no account of the "cuts and fills." Arbitrary and lumping methods of assessing damages for taking property have heretofore been condemned by this court. *K. C., St. J. & C. B. R. R. Co. v. Campbell*, 62 Mo. 585, and elsewhere: *P. & R. J. Ry. Co. v. Brickett*, 62 Ill. 332. There are numerous authorities holding that cuts and fills made by a railroad passing through a man's farm, and the inconvenience to which he will be subjected by making it more difficult to reach the severed portions of the land, are proper subjects for consideration in estimating the damages sustained. Mills on Em. Dom., secs. 166, 189.

For the errors aforesaid, the judgment will be reversed and the cause remanded. All concur; RAY, J., absent.