EDWARD SWAN, Plaintiff in Error, v. CHICAGO, SANTA FE AND CALIFORNIA RAILWAY COMPANY, Defendant in Error.

Kansas City Court of Appeals, January 6, 1890.

1. **Setting Aside Judgment:** CONDEMNATION PROCEEDINGS: STATUTE CONSTRUED. The proceedings under the statute, authorizing the condemnation of private property for public use, are *sui generis*, and are not comprehended within the scope of the provisions of section 3684, Revised Statutes, 1879, providing for the setting aside of final judgment entered upon an interlocutory judgment on the application of a party summoned, but who did not appear to the action, if made within three years.

2. **Condemnation Proceedings :** NOTICE OF FILING REPORT OF COMMISSIONERS : FILING EXCEPTIONS : SETTING ASIDE JUDGMENTS. In a proceeding to condemn private property for public use, the failure of the clerk to notify the land-owner of the filing of the report of the commissioners is such an essential regularity that the land-owner may subsequently appear and file his exceptions to the report, notwithstanding the entry of a judgment confirming the report, which, it is suggested, should be first set aside. Such judgment would not be a valid final judgment, and for that reason not subject to review in a proceeding under section 3684.

*Error to the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Mirick & Young*, for the plaintiff in error.

(1) The condemnation of land for right of way can only be accomplished through the courts, and in accordance with the proceedings prescribed by the statutes.

This proceeding is judicial, and to be effective must culminate in a judgment. See R. S., article six (6). (2) Such a judgment, if rendered upon default without personal service, is within the purview of sections 3684, 3685, 3687 and 3688, Revised Statutes, and may be set aside at any time within three years from the rendition thereof, by complying with the requirements of said sections. (3) The petition in this case is in compliance with section 3687, Revised Statutes, and states a good cause of action, and the demurrer thereto should have been overruled.

*Gardiner Lathrop* and *T. J. Whiteman*, for the defendant in error.

The condemnation statute is complete in itself, and provides the method whereby not only the railway company may acquire a right of way over the land of the property-owner, but also whereby the property-owner, if dissatisfied with the assessment of damages by the commissioners, may secure a new assessment by other commissioners or by a jury. The method pointed out by the statute, for securing a new assessment by filing exceptions within the time limited therein, is exclusive of every other remedy. R. S. 1879, ch. 21, art. 6; *Lindell's Adm'r v. Railroad*, 36 Mo. 543; *Leary v. Railroad*, 38 Mo. 485; *State v. Bittinger*, 55 Mo. 596, 599; *Appeal of Houghton*, 42 Cal. 35; *Railroad v. Railroad*, 17 W. Va. 812; *Railroad v. Ely*, 95 N. C. 77; *Eaton v. Framingham*, 6 Cush. 245; *Gifford v. Railroad*, 20 Neb. 538; *Frevert v. Finfrock*, 31 Ohio St. 621. (2) Notice by publication, as pointed out by the statute, is sufficient and constitutes due process of law. *Owner v. Mayor*, 15 Wend. 374; *Wilson v. Hathaway*, 42 Iowa, 173. (3) The judgment of the court confirming the report of the commissioners is not provided for by the statute, and was unnecessary. The

report of the commissioners, if not excepted to, is the last step in the proceeding. That constitutes "the muniment of title." If the judgment was unnecessary, and imparted no additional validity to the proceedings, it cannot be used as a basis for a bill of review. *Railroad v. Carter*, 85 Mo. 448, 451; *Railroad v. Morton*, 20 Mo. 70; *Railroad v. Morton*, 27 Mo. 317; *Iron Co. v. Coal Co.,* 40 Md. 425; *Whittier v. Whittier*, 31 N. H. 351. (4) The fact that no bills for review have ever been sustained by the courts of last resort in this state, in condemnation cases, is strong ground for holding that they are not properly maintainable.

SMITH, P. J.—The plaintiff filed a petition in the circuit court of Carroll county wherein it was alleged: That, on the eighth day of June, A. D. 1887, the defendant herein instituted a suit by petition and an order of publication in the Carroll circuit court against plaintiff for the purpose of condemning certain real estate therein described as the property of the plaintiff, and acquiring the title to the same for public use to construct and build its railroad upon. That such proceedings were had in the premises as is required by the statute in such cases, and that on the twenty-second day of July, A. D. 1887, a final judgment was rendered by this court in said cause in favor of the said Chicago, Santa Fe and California Railway Company, of Iowa, and against the said Edward Swan, plaintiff herein, confirming the report of the commissioners therein and condemning the lands therein described as the property of the plaintiff, and vesting the title to the same in the defendant herein for the purpose of locating its railroad thereon.

The plaintiff says that in said action he was summoned by an order of publication, and did not appear to said action, nor was he made a party therein as the representative of any one who had been summoned or

appeared thereto.   The plaintiff further says that he has now and then had a good and meritorious defense to said condemnation proceeding and the assessment of damages therein.

That, by the construction of said railroad through the said property of the plaintiff herein, and the condemnation and appropriation of his lands for the purposes aforesaid, he has been, and is, damaged in the sum of three thousand dollars, and that, by the said commissioners' report and the judgment rendered thereon, he was only allowed the sum of seven hundred and sixty dollars, a sum wholly inadequate to compensate this plaintiff for the damages sustained by reason of said proceedings.   He therefore prays that said judgment be set aside, and that he be allowed to file his answer to the same, and for other proper relief, which petition was properly sworn to.

The defendant demurred to the petition, on the ground that it did not state a cause of action, which was sustained and judgment rendered thereon.   The plaintiff brings this case here by writ of error.

I.   The main, and perhaps the only, question here presented for our decision, is whether the provisions made by article 12, chapter 59, Revised Statutes, relating to the setting aside of final judgments, are applicable to the proceedings for the appropriation and valuation of lands taken for railroad purposes, under the provisions of article 6, chapter 21, Revised Statutes.

This is emphatically a statutory proceeding, and while it may, in some respects, resemble a proceeding in equity having a similar designation, it is to be distinguished from it.   The statute, authorizing this action, limits its application to those actions where the final judgment is given at the same time the interlocutory judgment by default *nil dicit*, etc., is entered, and whether the damages are assessed by the court or a jury is of no consequence.   R. S., secs. 3680, 3681, 3682.

In all cases "where such interlocutory judgment shall be made and final judgment entered therein, against any defendant who shall have been summoned, as required by this article (art. 9, chap. 59), or who shall not have appeared to the suit, or have been made a party as the representative of one who shall have been summoned, or appeared, such final judgment may be set aside" (Revised Statutes, section 3684), if a petition therefor be filed within three years after such final judgment is rendered.  Sec. 3685.

It is provided in section 3687, that no such judgment, i. e., no interlocutory judgment—which shall have been made final under any of conditions mentioned in section 3684—shall be set aside, unless it shall be alleged in the petition for review that the petition upon which the judgment was obtained is untrue in some material matter, setting it forth, or that petitioner has, and then had, a good defense thereto, setting forth such defense, or both, etc.  Now it is obviously plain that the condemnation proceedings, stated in the plaintiff's petition, are not embraced or contemplated by these statutory provisions for review.  In such condemnation proceedings there could be no interlocutory judgment by default—no such proceedings could be had under the statute (R. S., art. 6, chap. 21), as is provided in article 9, chapter 50, Revised Statutes, and for that reason the provisions of the latter case have no application to proceedings under the former.

The proceedings under the statute authorizing the condemnation of private property for public use, are *sui generis*, and are not comprehended within the scope of the provisions of article 9, chapter 59.  Of course such proceedings are impeachable by a proper proceeding in equity, for fraud or mistake.

By reference to the statute authorizing proceedings to condemn private property for public use, it will be seen that after the report of the commissioners is filed

with the clerk of the court, in which the proceedings to condemn is pending, he shall duly notify the parties, whose property is affected, of the filing thereof; and such report *may be reviewed* by the court on the written exceptions filed, by either party, in the clerk's office within ten days after the service of the notice by the clerk. Sec. 896.

The notice provided by this section was not required by the statute of 1865, General Statutes, section 4, page 353; it was first required by the act of March 8, 1873, and from thence was imported into the Revised Statutes of 1879. Since in the condemnation case referred to in the plaintiff's petition the defendant therein, who is plaintiff here, was a non-resident of the state, the notice of the filing of the report of the commissioners, required to be given him by the clerk, was not, and could not be, given to him. The proceedings up to the filing of the report of the commissioners was no doubt regular enough.

The question now is, what is the effect of the want of such notice by the clerk, upon the proceedings, could the court, without such notice to the defendant, whose property was affected by the filing of the report, proceed to confirm the same, and enter judgment accordingly? We should think that in view of the fact, that the statute authorizing the proceeding is in derogation of the common law, it should be construed strictly, and that unless the proceedings in question were strictly in accordance with its provisions they are void in so far as any essential is therein disregarded. *Mississippi River Br. Co. v. King*, 58 Mo. 491; *Railway Co. v. Lackland*, 25 Mo. 532; *Ellis v. Railroad*, 47 Mo. 479; Lewis on Eminent Domain, secs. 253, 254.

The defendant had until the expiration of ten days, after the notice given him by the clerk, of the filing of the report of the commissioners, in which to file his written exceptions thereto, and, as it is manifest, in this

case, there was no such notice, it is quite difficult to understand why, he may not yet file such exceptions for a review of the report of the commissioners. The defendant is, under this statute, certainly entitled to notice of the filing of the report of the commissioners. There is no method provided in the statute by which this requirement can be dispensed with. It is an essential in the proceeding; the court could go no further in the proceedings, until it was made to appear that the notice was given. We take it that a judgment of condemnation upon the report of the commissioners without the notice first being given to the defendant, whose property is affected by the report would be *coram non judice.*

And that, when such notice by the clerk has not been given to the party whose property is affected by the report, such party may file his written exceptions to the report of the commissioners, notwithstanding the judgment, confirming the report. The judgment of confirmation should probably first be set aside. It is thus seen that the statute for the condemnation of private property for public use makes ample provision for a review of the report of the commissioners who assess the damages. If there is notice by the clerk to the property-owner of the filing of the report of the commissioners, and he fails to file his exceptions thereto, within ten days after the service of such notice, he would no doubt be barred from afterwards questioning the judgment of confirmation, except by a proper proceeding in an allegation of fraud. Lewis on Eminent Domain, sec. 520. But on the other hand, as has been already stated, if such notice was not served then the property-owner would certainly have the right, on exceptions filed by him, to have the court review the report of the commissioners.

In this case therefore it is quite obvious, that, even if a final judgment of confirmation is the subject of

review under the statute providing for the same, the judgment complained of in this case, is not a valid final judgment, and for that reason is not the subject of review in this kind of proceeding. The view which we have taken of this case entails no peculiar hardship upon the defendant railway company since it was by the condemnation proceedings authorized to appropriate and hold the property of the plaintiff; the only matter open for controversy being as to the *quantum* of damages assessed by the commissioners. The court upon the exceptions of the defendant in that proceeding may, for good cause shown, order, under its supervision, a new appraisement by a jury, as, in ordinary cases of inquiry of damages, such appraisement must be as of the date at which the commissioners made their appraisement and assessment of damages.

It results from these considerations that the judgment of the circuit court will be affirmed. All concur.