THE CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY, *Appellant*, v. MCGREW.

Division One, January 23, 1893.

1. **Eminent Domain**: DAMAGES: JURY: RAILROAD. A railroad exercising the right of eminent domain is, after the commissioner's award, entitled to a reassessment of the damages by a jury. (Constitution, art. 12, sec. 4; Revised Statutes, 1889, sec. 2738.)

2. ——: ——: ——: ——. Where in such case a request for a jury is made in due time, the form or manner in which it is made is immaterial.

*Appeal from Ray Circuit Court.*—HON. JAS. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Gardiner Lathrop, C. T. Garner, Sr.; & Son* and *S. W. Moore* for appellant.

The defendant was entitled to have the report of the commissioners set aside and a jury trial ordered as a constitutional right. Constitution, art. 12, sec. 4; *Stewart v. Baltimore*, 7 Md. 500; *Railroad v. Almeroth*, 13 Mo. App. 91; *Kimbell v. Railroad*, 35 Me. 255; *Railroad v. Story*, 96 Mo. 611; *People v. McRoberts*, 62 Ill. 38; *Pursey's Appeal*, 83 Pa. St. 67; *Mitchell v. Railroad*, 68 Ill. 286; *Turn. Co. v. Burket*, 26 Ind. 53; *People v. Stewart*, 97 Ill. 123; *Isom v. Railroad*, 36 Miss. 300; *Railroad v. Hock*, 118 Ill. 587.

*J. D. Shewalter* for respondent.

The so-called constitutional right of the plaintiff to an assessment of damages by a jury does not arise in this case for two reasons: *First*. No such question is raised on the record. *State v. Elam*, 21 Mo. App. 290; *Kamerick v. Castleman*, 21 Mo. App. 587. *Second*. A constitutional question which will deprive this court of jurisdiction is one, which, if raised by the record, is fairly debatable. *State v. Kaub*, 19 Mo. App. 149; *McCormick v. Railroad*, 20 Mo. App. 65. No one can be deprived of life, liberty or property without due process of law; "due process of law" means that the party must have his day in court, and a trial therein, and this constitutional guarantee secures to the party, whether an individual or a corporation, whose property is taken for public use, as in all trials at common law, a jury. But neither this nor any other constitutional provision or principle has any application to the state or any public corporation, asking to take, by condemnation, private property against the will of the owner. Such constitutional guarantees are a shield to

the citizen, not a weapon of aggression. See Bill of Rights, sections 28 and 30. Article 12, section 4, Constitution of Missouri, is only made to seemingly guarantee such right by suppressing the context and part of the subject matter. That article (12) refers to corporations, and section 4 is a restriction on corporations, and the last clause thereof a guarantee to them of a jury trial, when their property is taken for public use (under the first clause of sec. 4), whether the condemning party be the state or another corporation.

MACFARLANE, J.—This is a proceeding to condemn a strip of land through a number of lots in the town of Camden, Ray county, belonging to defendant, for right of way of the railroad of plaintiff. Application was made, commissioners appointed and report of commissioners filed, as provided by article 6, chapter 42, Revised Statutes of 1889.

Upon the coming in of the report of the commissioners, plaintiff filed a motion in which was charged that the assessment of the damages was excessive, that the commissioners did not take into consideration the advantages the railroad would be to the remaining land, and that the damages were estimated upon erroneous principles, and concluded with the following prayer: "Wherefore plaintiff asks, requests and prays that the said assessment of damages, so made by said commissioners aforesaid, be reviewed before and under the supervision of this court by a jury of the county, as in ordinary cases of inquiry and trial by jury, according to law in such cases, and judgment in the premises as right, practice and the law require in the premises."

Upon the hearing of this motion a jury was denied and evidence was introduced by both parties as to the lots and improvements thereon; the uses to which they

were applied by defendant; the effect the appropriation of this land and building the railroad thereon would have upon the expense and convenience of mining coal, and the damage to the lots and improvements.

The motion was overruled and plaintiff filed motions in arrest, and for a rehearing, in each of which, and as one ground therefor, it was charged that the court erred in not submitting the assessment of the damages to a jury, as in ordinary cases of inquiry and trial by jury. These motions were also overruled and plaintiff appealed.

I. The chief ground of contention in the circuit court seems to have arisen over the question as to whether the provision of section 4 of article 12 of the constitution, and of section 2738 of the statutes, entitled the corporation, when exercising the delegated right of eminent domain, to demand, as a matter of constitutional right, that the damages should be assessed by a jury. Since the trial of the case in the circuit court, the disputed question has been decided in several cases by this court. *Railroad v. Town-Site Co.*, 103 Mo. 451; *Railroad v. Miller*, 106 Mo. 458; *Railroad v. Shambaugh*, 106 Mo. 557; *Railroad v. Fowler*, *post* p. 458. In these cases we have uniformly held that the right of trial by jury was guaranteed, not only to the landowner, as had previously been decided in *Railroad v. Story*, 96 Mo. 611, but that after commissioners had assessed the damages and made report, "if either party demanded a jury to re-assess the damages, the court had no discretion in the matter and a jury trial must be awarded." *Rothan v. Railroad, ante,* p. 132.

II. It is insisted by defendant that there was no proper demand for a jury made by plaintiff, and therefore an assessment of damages by a jury was waived. We do not think so. There is no doubt that such a constitutional right may be waived, and, if no timely

demand for a jury is made, a waiver may be presumed. *Railroad v. Town-Site Co., supra.* If, however, it appears clearly from the record that a request was made, we do not think the form or manner in which it was made material. The prayer in the motion is, that the assessment of damages made by the commissioners be reviewed "by a jury of the county, as in ordinary cases of inquiry; and trial by jury." In its motion for a new trial plaintiff expresses its complaint as follows: "Because the court erred in not submitting the exceptions of plaintiff and the assessment of the damages in said cause to a jury as in ordinary cases of inquiry and trial by jury, according to law and as prayed for in said exceptions."

Neither the constitution nor the statute has pointed out the mode or proceeding, by which the right of trial by jury should be secured. The statute has not been changed in that particular, since the adoption of the constitution. As it stands, it requires that the report of the commissioners must be set aside, for cause, before a jury can be called. Plaintiff evidently supposed, from the form of its motions, that its exceptions could be heard by a jury, and the errors of the commissioners in the assessment of the damages, corrected in that way, and it could thus secure a partial benefit of its constitutional right. This court has held in the cases cited *supra* that the right under the constitution to an assessment of damages by a jury existed regardless to the action or non-action of the legislature and to secure that right a demand only was necessary; that the legislature could not place a limitation on the constitution, or a condition on a constitutional right. *Railroad v. Story,* 96 Mo. 620.

Whatever may have been the manner in which plaintiff expected to secure its right to a jury, it is clear that its demand for one was absolute, and without such

condition even as the statute undertook to impose. In refusing a jury the court committed error. Reversed and remanded. All concur.