THE MISSISSIPPI RIVER & BONNE TERRE RAILWAY COMPANY, Appellant, v. GEORGE F. JONES *et al.*, Respondents.

| 54   529|
|120m  36|

St. Louis Court of Appeals, October 2, 1893.

1. **Railroads**: CONDEMNATION OF RIGHT OF WAY: SERVICE OF NOTICE OF FILING OF COMMISSIONER'S AWARD. Sections 2033 and 2034 of the Revised Statutes, being the general provisions of the code in regard to the service of notices, are applicable to the notice which section 2738 of the Revised Statutes requires the clerk of the circuit court to give of the filing of the award of the commissioners in proceedings of eminent domain by railway companies.

2. ———: ———: REVIEW OF JUDGMENT OBTAINED ON CONSTRUCTIVE NOTICE. *Quære*, whether a party, who has been served by constructive notice in such proceedings, may avail himself of the provisions of section 2218 *et seq.* of the Revised Statutes for the review of final judgments obtained on such service.

*Appeal from the St. Francois Circuit Court.*—HON. J. E. Fox, Judge.

REVERSED.

*Wm. Carter & Weber*, for appellant.

*John S. Clay* and *M. R. Smith*, for respondents.

BOND, J.—This suit was brought in St. Francois county by appellant against respondent and others for condemnation of a right of way over their lands. The defendants being non-residents, an order of publication against them was had and regularly published, as required by section 2735, Revised Statutes, 1889.

On the second day of July, 1891, according to said order and notice of publication, three duly qualified commissioners were appointed to assess damages to the defendants by reason of the location, construction and maintenance of appellant's railroad.

These commissioners filed a report of their assessment on July 11, 1891; on which day the clerk of the circuit court of St. Francois county posted up in his office a notice to the defendants of the filing of said report.

At the November term, 1891, of said circuit court a judgment of confirmation of said report was made.

At the November term, 1892, of said circuit court, respondent, George F. Jones, after giving notice thereof, filed a motion to set aside said judgment of confirmation.

The motion alleged in substance that respondent was a non-resident, and then the foregoing facts as to the institution of said condemnation proceedings, and the rendition of judgment thereon, which it alleged was void, "because the notice, required to be given defendants (respondents) by section 2738 of the Revised Statutes of 1889, was not given, and if it was given, it was not done as the law requires;" it was then prayed that said judgment be set aside, and that

defendants (respondents) be allowed to file exceptions to the report of the commissioners.

The case was heard on this motion upon the following agreed statement of facts:

"It is agreed that the plaintiff company filed in the office of the clerk of the circuit court of St. Francois county, Missouri, the county in which the land described in defendants' motion and which were sought to be condemned are situate, its petition for the condemnation of its right of way on June 4, 1891; that said clerk duly made an order of publication against the defendants, who were at that date and still are non-residents of the state of Missouri; that said order notified and required the defendants to appear before the judge of the St. Francois county circuit court at chambers, in the office of the circuit clerk of said county, at the court house in the city of Farmington, in said county, on the second day of July, 1891; that said order was duly made and regularly published as required by section 2735 Revised Statutes of Missouri, 1889; that on the said second day of July, 1891, the circuit judge aforesaid appeared at the time and place designated in said order and notice of publication aforesaid, and proceeded to appoint three duly qualified commissioners to assess the damages done to defendants' land aforesaid by reason of the location, construction and maintenance of the plaintiff's said railroad over the said lands of defendants; that said commissioners met in pursuance of said order of appointment on the eleventh day of July, 1891, and proceed to assess the damages as by said order of appointment required; that said commissioners filed a report of their proceedings and assessment of damages in the office of the clerk of said circuit court on said eleventh day of July, 1891. It is submitted by the parties hereto that all steps taken and proceedings had

were regular up to this date and in conformity to the laws of this state, except that the damages assessed were not apportioned among the defendants. That, after the filing of the said report of the commissioners as aforesaid on the eleventh day of July, 1891, as aforesaid, the clerk of the circuit court of said St. Francois county proceeded to give notice required by section 2738 of the Revised Statutes, 1889, to the defendants, the land owners, of the filing of said report of said commissioners in his office as provided in section 2034 of the Revised Statutes, 1889, which said notice and the return indorsed thereon, as well as the manner of giving the same, are as follows:

"Notice of filing of commissioners' report.

"FARMINGTON, Mo., July 11, 1891.

"STATE OF MISSOURI, } ss.
"County of St. Francois. }

"The Mississippi River and Bonne Terre
    Railway, a Corporation, *Plaintiff*,
               *v.*
"George Frederick Jones, Katie A. Frank-
    lyn and Fannie K. Jones, *Defendants.*

"To George Frederick Jones, Katie A. Franklyn and Fannie K. Jones, the above named defendants.

You are hereby notified that the commissioners, appointed by the court to assess the damages which you may sustain by reason of the appropriation of your property by said plaintiff for the purpose mentioned in the petition, did on the eleventh day of July, 1891, file and report all their proceedings as such commissioners.

"Witness John C. Alexander, clerk of the circuit court for the county of St. Francois, this eleventh day of July, 1891.

[SEAL.]        "JOHN C. ALEXANDER, Clerk,
      by W. M. HARLAND, D. C.

"STATE OF MISSOURI,  } ss.
"County of St. Francois. }

"I, John C. Alexander, clerk of the circuit court within and for the county of St. Francois, and state of Missouri, do hereby certify that I served the within notice by putting the same up in my office at the court house in the city of Farmington in said county and state, neither of the within named defendants nor their attorneys being residents of this state, on the eleventh day of July, A. D. 1891, and the same remaining so posted in my office for more than ten days continuously thereafter.

"JOHN C. ALEXANDER, Clerk.

"Subscribed and sworn to before me this second day of December, 1892.

[SEAL.]   "WILLIAM HARLAN, Notary Public.

"My commission as notary public will expire August 26, 1896."

The court sustained this motion, set aside said final judgment confirming the report of said commissioners, and gave leave to respondent Jones to file his exceptions to the report of said commissioners. To this action of the court the appellant excepted at the time, filing its bill of exceptions; and it brings its case to this court by appeal.

The errors assigned are:

*First.* The vacation of the judgment, as prayed in respondents' motion.

*Second.* The ruling of the court, that the notice given by the clerk to defendants of the filing of the commissioner's report was insufficient.

*Third.* The action of the court in sustaining a separate motion of one of several joint owners of the property.

The decision of this case turns on the sufficiency of the notice of the report of the commissioners, served

upon respondents by the clerk as set out in the above-agreed state ment of facts.

The effect of the failure of the clerk to notify a. land owner of the filing of the commissioners' report, assessing damages for the taking of his land under condemnation proceedings, was considered at length in the case of *Swan v. Railroad*, 38 Mo. App. 588, 594. It was there said of the necessity of giving a *non-resident* defendant such notice: "The defendant is, under this statute, certainly entitled to notice of the filing of the report of the commissioners. There is no method provided in the statute by which this requirement can be dispensed with. It is an essential in the proceeding; the court could go no further in the proceedings, until it was made to appear that the notice was given. We take it that a judgment of condemnation upon the report of the commissioners without the notice first being given to the defendant, whose property is affected by the report, would be *coram non judice.*"

The rule is, that personal service must be had of a notice required to be given by statute, unless some other method of service has been substituted. In proceedings *in rem* it is always competent for the legislature to provide for notice thereof by publication or other constructive agency, "but such notice is restricted in its legal effect, and cannot be made available for all purposes. It will enable the court to give effect to the proceedings so far as it is one *in rem*, but when the *res* is disposed of, the authority of the court ceases." Cooley on Constitutional Limitations, 6 Ed., 497, 498; *Wilson v. Railroad*, 108 Mo. 588, 596, 597.

As the proceeding at bar *is* one *in rem*, the only point to be decided is whether or not the constructive notice, shown to have been given by the clerk (agreed facts, *supra*), was authorized by law in this proceeding.

The notice was given by the clerk under the first clause in section 2738, Revised Statutes, 1889, to-wit: "Upon the filing of such report of said commissioners, *the clerk of the court wherein the same is filed shall duly notify the party whose property is affected of the filing thereof.*" In discharging the duty thus imposed, the clerk adopted the method prescribed for service on non-residents by section 2034, Revised Statutes, 1889. That section and the one preceding it are are as follows, to-wit:

Section 2033. "Notices shall be in writing, and shall be served on the party, or his attorney, in the manner prescribed in this article, unless otherwise provided by law. The service may be made by delivering to the party, or his attorney, a copy of such notice, or by leaving a copy at the usual place of abode of the party, or his attorney, with some person over the age of fifteen years, or with the clerk of the party, or his attorney."

Section 2034. "If neither the adverse party nor his attorney reside in this state, such notice may be put up in the office of the clerk of the court wherein the suit is pending or the proceedings are intended to be had."

The argument of appellant is that these two sections supply the specific method for the service of the notice, required of the clerk in condemnation proceedings, upon unknown or non-resident parties whose property is affected by the report of the commissioners assessing damages; section 2738 *supra.* It must be admitted that, unless this view can be taken, there is no way in the present status of the law by which the report of the commissioners in condemnation proceedings can be confirmed as against unknown or non-resident owners of the property affected, who do not appear in the action; since the law is plain that, in the absence of a statutory substitute, personal service is indispensable.

That the legislature had no intention of stopping such proceedings at this stage, is apparent from section 2734 (Revised Statutes, 1889), giving the corporations therein named the power of condemning the lands in case the owner *"be unknown, or be a non-resident of the state."* The same purpose is manifested by section 2735 (Revised Statutes, 1889), which provides as follows, to-wit:

"If the name or residence of the *owner be unknown, or if the owners, or any of them, do not reside within the state,* notice of the time of hearing the petition, reciting the substance of the petition and the day fixed for the hearing thereof, shall be given by publication for three weeks consecutively, prior to the time of hearing the petition, in a newspaper published in the county in which the proceedings are pending."

Unless it was the purpose of the legislature that the notice required by section 2738, *supra,* should be construed in *pari materia* with the general provisions of the law with reference to the service of notices in pending suits, sections 2033 and 2034, it is difficult to perceive why the former section 2738 (when it was adopted in 1873) should not have set forth the method of service which the legislature intended thereunder both as to residents and non-residents, especially when it is borne in mind that the latter sections (2033 and 2034), defining the method of service in both cases, were at that time a part of the statute law. General Statutes, 1865, p. 656, sections 22, 23, and 24. "The legislature is presumed to know existing statutes, and the state of the law relating to subjects with which they deal." Sutherland on Statutory Construction, section 287. Unless it was the purpose of the legislature in enacting section 2738 (that the clerk "shall duly notify," etc.), that this act should be subjected to the several acts (sections 2033 and 2034) defining

notices and how they should be served, then the result is that section 2738, standing alone, makes it necessary, after a proceeding for condemnation has been validly *begun* by publication or constructive notice against non-residents or unknown owners, and *jurisdiction* of the subject matter thus *obtained*, that a second *personal* notice should be served on the *same* non-residents or unknown owners before a final judgment could be rendered, if indeed such *personal* notice would be sufficient under the ruling in *Wilson v. Railroad, supra,*—and we do not think it would, unless made upon a direct statutory authority and in a proceeding *in rem.*

We cannot hold that the legislature intended to hinder and thwart condemnation proceedings by such results. We do not think that the silence of section 2738 as to the *mode* of service of notice presents a *casus omissus* in view of the general provisions as to service of notices in pending suits, then contained in sections 2033 and 2034, now Revised Statutes, 1889. The law never presumes a *casus omissus*, nor accepts the same, when there are other existing provisions which can be logically used to carry out the legislative will.

We concede that the statutes referring to condemnation of land by railroad corporations are particular enactments, whose express provisions must regulate the procedure thereunder, and also that, being in derogation of common right, they should be strictly adhered to. But we do not hold that the plain purpose and scope of these statutes should be defeated because of *their silence as to how* an interlocutory notice may be given, when there are other statutes which existed when this provision as to notice was adopted, setting forth the proper mode of service of notices in pending suits. That a notice in a condemnation proceeding is a notice in a judicial proceeding (pending suit) is clear. *Plum v. City of Kansas,* 101 Mo. 525. That the sec-

tions of the practice act regulating changes of venue, and the ordinary incidents of jury trials, are applied. in condemnation proceedings is settled. *Railroad v. Fowler*, 20 S. W. Rep. 1069; *Railroad v. Story*, 96 Mo. 611. Why, therefore, is not the *incident* of the service of notices in pending suits, as provided for in the practice act, to be applied to the section of the condemnation acts requiring a notice (but not specifying how it should be served) in the progress of the proceedings thereunder? We are unable to discover any distinction in principle, calling for the aid of the practice act in the one case, and denying it in the other.

We are of the opinion that sections 2738 and 2033 and 2034 of the Revised Statutes, 1889, should be taken together in determining the mode of service of the notice required to be given in the former. This construction harmonizes the character of the service of notice of the filing of the commissioner's report (section 2738) upon non-residents with the kind of service prescribed (section 2735) for making non-residents parties to the proceedings against the land, in the first instance; and it voids the incongruity of holding constructive service to be sufficient in bringing the suit, and personal service to be necessary in subsequent proceedings therein.

The question, whether in condemnation proceedings, a party served by constructive notice may avail himself of the provisions of sections 2218, and following, of the Revised Statutes of 1889, by filing a petition for review within three years after final judgment, does not arise upon this record. It was held in *Swan v. Railroad, supra*, that he cannot, but we desire to be understood as not expressing any opinion on the subject either way.

All the judges concurring, the judgment is reversed.