THE CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY, Appellant, v. SWAN.

### Division One, February 5, 1894.

1. **Railroad:** CONDEMNATION PROCEEDING: JURISDICTION. Where in a condemnation proceeding by a railroad against a nonresident under Revised Statutes, 1889, chapter 42, article 3, the petition has been filed and notice published as therein required, the court acquires jurisdiction of the subject-matter of the action and the person of the defendant.

2. ———: ———: COMMISSIONER'S REPORT: NOTICE. Where the defendant and his attorney are nonresidents, the notice of the filing of the commissioners' report required to be given by the clerk to the defendant need not be a personal one, but such notice may be given by posting it in the clerk's office as provided by sections 2033, 2034, Revised Statutes, 1889, of the practice act.

3. **Appellate Practice:** FORMER APPEAL: RES JUDICATA. A decision on a former appeal on a question outside of the record, not presented to the court and unnecessary to be decided, is not *res judicata* on a second appeal.

4. **Condemnation Proceeding:** PETITION: DESCRIPTION OF LAND. The petition is sufficient in a railroad condemnation proceeding if it describes the tracts of land through which the railway has been located, its general direction, the width of the strip required, and also the exact parcels with reference to stakes numbered and set upon the land as monuments.

*Appeal from Carroll Circuit Court.*—L. R. KINSEY, ESQ., Special Judge.

REVERSED.

*Gardiner Lathrop, T. J. Whiteman* and *S. W. Moore* for appellant.

(1) It is the universal practice in condemnation cases where the statute itself is silent to refer to the practice act for guidance as to the proper procedure to be taken. *Railway v. Carlisle*, 94 Mo. 166; Wade on Notice, secs. 1127 and 1351; Mills on Eminent Domain, sec. 98. (2) Swan having had actual notice of the filing of the report of the commissioners and having acted thereon notice to him by the clerk was not required. *Woods v. Wilson*, 12 Ind. 657; *Board v. McGoon*, 109 Ill. 142; *Peavy v. Wolfbrough*, 37 N. H. 386; *Updegraff v. Palmer*, 107 Ind. 181; *Milan v. Spraull*, 36 Ga. 393; *Ives v. Town*, 48 Conn. 273; *Quigley v. Providence*, 9 R. I. 388; *Stevens v. Board*, 36 Kan. 664; *Woodson Co. v. Heed*, 33 Kan. 34; *Cage v. Frazer*, 60 Miss. 563. (3) The bill of review filed by Swan was undoubtedly an appearance by him in the condemnation case.

*Hale & Son* and *J. W. Sebree* for respondent.

(1) The petition and alleged order of publication do not sufficiently describe the land; a general descrip-

tion is insufficient. *Cory v. Railroad*, 100 Mo. 290.
(2) Where no method of service of notice is prescribed,
personal notice is meant. *Ryan v. Kelley*, 9 Mo. App.
398; *Allen v. Mfg. Co.*, 72 Mo. 328. (3) The special
law providing for railway condemnation is exclusive of
any general statute on the subject. *Henoch v. Chaney*,
61 Mo. 129; *Huff v. Alsop*, 64 Mo. 52; *Gates v. Tres-
ton*, 89 Mo. 13; *Swan v. Railroad*, 38 Mo. App. 588;
*Sturgeon v. Hampton*, 88 Mo. 212. Notice by publica-
tion was unknown to the common law and he who
would acquire property or divest rights must bring
himself clearly within its provisions. *Leach v. Cargill*,
60 Mo. 316. (4) The filing on February 16, 1888, by
Swan of the bill of review did not obviate the necessity
of notice of the filing of commissioners' report. When
the bill of review was filed this suit was not pending.
If no legal notice of the filing of the report of the com-
missioners had been given by appellant on February
16, 1888, the appearance of respondent in that suit for
any other purpose would not cure the defect so as
to give the court jurisdiction over the subject-matter
and the parties which had not before attached by reason
of lack of jurisdiction prior to that time. *Hill v. Beck-
with*, 102 Mo. 462, 463. In the case of *Swan v.
Railroad, supra*, the court of appeals held that no
notice had been served on respondent and that he
thereafter had the right to file his exceptions. A
decision on this point was necessarily involved in the
record of that case and as to appellant is *res adjudicata*.
*Union Railroad v. Trabus*, 59 Mo. 335; *Kane v.
McCown*, 55 Mo. 199.

MACFARLANE, J.—On the eighth day of June, 1887,
plaintiff commenced a proceeding for the condemnation
of a right of way for its railway through the land of
defendant, situate in Carroll county. The petition was

filed before the judge of the circuit court, and an order was made that defendant, who was a nonresident of the state, be notified by publication that commissioners would be appointed on the first day of July thereafter. The order was published for three weeks in the *Carroll County Record*, a newspaper published in said county, and was unobjectionable in form and substance. On the day named in the notice, the defendant failing to appear, the judge of the court appointed three commissioners to assess the damages defendant would incur by reason of the appropriation of this land. The commissioners made and filed their report, July 6, 1887, awarding to defendant $750 damages and the same was paid to the clerk of the court for defendant. After filing the report the clerk of the circuit court of Carroll county notified defendant thereof by posting in his office the following notice, after giving the style of the proceeding:

"*To Edward Swan:*   You are hereby notified that the commissioners appointed by the Honorable J. M. Davis, judge, to assess and report the damages severally sustained by the defendants and owners of the land described in the petition of the Chicago, Santa Fe & California Railway Company of Iowa, petitioner, of whom you are one, on account of land appropriated by said petitioner, railway company, in said county, have returned to me and I have filed in said court their report of the assessment of damages sustained by each defendant and land owner aforesaid.   Witness my hand and the seal of said court this twelfth day of July, 1887."

The notice was signed by said clerk officially and was posted on the twelfth day of July, 1887.

On the twenty-second day of July following, and during a term of the court, no exceptions having been filed, the report of the commissioners was approved,

and a judgment entered condemning the land sought to be appropriated. On the seventeenth of February, 1888, defendant filed a petition for review against plaintiff, charging that the judgment in the condemnation proceeding was . by default and upon constructive notice by publication, and asking that the same be set aside and that he be allowed to make a defense. To this petition the railway company demurred on the ground that it did not state facts sufficient to entitle him to the relief sought. The demurrer was sustained and the defendant appealed to the Kansas City court of appeals, where the judgment on the demurrer was affirmed. 38 Mo. App. 588.

Afterwards, in March, 1890, defendant Swan filed, in said condemnation pleadings, a motion to set aside the judgment therein rendered at the July term upon the ground that "the said judgment confirming said report was rendered without service of notice upon the defendant." This motion was sustained on July 31, 1890, and defendant was given leave to file exceptions to the report of the commissioners, which was done on the same day. The plaintiff railway company moved to strike out the exceptions and the motion was overruled. On the request of defendant the court submitted to a jury the question as to the damages to which he was entitled for the appropriation of his land, which, after hearing the evidence, returned a verdict for $1,000, for which amount judgment was rendered and plaintiff appealed to this court.

I.   Article 6 of chapter 42, Revised Statutes, 1889, provides the proceedings under which land may be appropriated for the use of railroad companies. Under this article jurisdiction of a nonresident of the state, the appropriation of whose land is desired, may be obtained by publication of a notice in a newspaper of the county in which the proceedings are pending. Fil-

ing the petition and giving the requisite notice gives the court, or judge in vacation, jurisdiction over the person and subject-matter of the action. Sections 2734, 2735. After jurisdiction has been thus acquired the proceeding becomes a pending judicial proceeding which may be prosecuted to a final determination, in the manner directed by the statute. *Union Depot Co. v. Frederick*, 117 Mo. 138; *Leonard v. Sparks*, 117 Mo. 103.

By section 2738 it is provided that upon filing the report of the commissioner, "the clerk of the court wherein the same is filed shall duly notify the party whose property is affected by the filing thereof." The manner of giving the notice is not pointed out by this special statute and a personal service is required unless we can look to the general code of civil procedure for a substituted service. *Doyle v. Railroad*, 113 Mo. 280; Wade on Notice, secs. 1134, 1137, 1138.

It is quite evident, we think, from the insufficiency of this special statute to meet and provide for all questions that may arise in condemnation proceedings, and to protect and enforce the rights of the parties thereto, that it was only intended to supplement the general practice act by making provision for such matters only as were regarded by the legislature as being required by the corporation in order to secure a speedy and effective appropriation, and to properly protect the property owners. No complete and independent system of procedure was intended. So it has been held in numerous instances that, in matters for which no special provisions are made, the general code of practice should be applied. *Railroad v. Evans & Howard Co.*, 85 Mo. 322; *Railroad v. Carlisle*, 94 Mo. 166; *Railroad v. Fowler*, 113 Mo. 466; *Railroad v. Clark*, 119 Mo. 357. None of the proceedings authorized and adopted in these cases were provided for

under the special law.

The code of civil procedure provided for serving notices as follows:

"Notices shall be in writing, and shall be served on the party, or his attorney, in the manner prescribed in this article, unless otherwise provided by law. The service may be made by delivering to the party, or his attorney, a copy of such notice, or by leaving a copy at the usual place of abode of the party, or his attorney, with some person over the age of fifteen years, or with the clerk of the party or his attorney.

"If neither the adverse party nor his attorney reside in this state, such notice may be put up in the office of the clerk of the court wherein the suit is pending or the proceedings are intended to be had." Secs. 2033, 2034.

It appeared that neither defendant, nor his attorney resided in this state, and the clerk gave the notice as provided by section 2034. Defendant had been duly served by publication of notice and the proceeding was judicial in its character. *Union Depot Co. v. Frederick*, 117 Mo. 138.

The requirement that the notice shall be given is peremptory, and the legislature could not have intended that it might be omitted in case of nonresidents. The foregoing sections of the statute are general and apply to all judicial proceedings, "unless otherwise provided by law," and must therefore be held to apply to the condemnation proceeding under consideration. We are of opinion that the question was properly ruled in the recent decision of the St. Louis court of appeals in *Railroad v. Jones*, 54 Mo. App. 529.

II. The question involved in this appeal was not before the Kansas City court of appeals in the case of *Swan v. Railroad*, 38 Mo. App. 588, though the same proceedings were there brought under review. What

was said by that court as to the character of notice required under section 2738 was outside the record, was not presented to the court for its decision, and was not necessary to a decision of the question involved. The decision was consequently no adjudication of the sufficiency of the notice given by the clerk. *Gwin v. Waggoner*, 116 Mo. 143, and cases cited.

III. It is insisted that the description of the land, the appropriation of which was desired, as contained in the petition and the notice, as published, was insufficient to give the court jurisdiction of the subject-matter of the proceeding. The particular tracts of land, through which the road had been located, with the general direction of the road through the same were given. The width of the strip of land required through each tract was also given. In addition to these general descriptions the exact parcels were described by reference to stakes, numbered and set upon the land as monuments. With these descriptions the owner and commissioners could have had no difficulty in ascertaining the land desired. Less specific descriptions have been held sufficient. *Cory v. Railroad*, 100 Mo. 288; *Railroad v. Story*, 96 Mo. 620; *Railroad v. Town Site Co.*, 103 Mo. 469.

The condemnation proceeding when questioned collaterally were conclusive on the defendant and the court erred in setting aside the judgment and in its subsequent proceedings. The judgment is therefore reversed. All concur.