Wash, J.,
delivered the opinion of the Court.
This was originally a suit commenced by Floyde, who is appellee, against Wiley, the appellant, before a Justice of the Peace, to recover the value of a horse. The summons is in assumpsit, and the damages are laid at fifty dollars, On the trial before the Justice, the plaintiff (who is appellee) had judgment for forty-five dollars, from which an appeal was taken to the Circuit Court, where, upon the first trial, there was a verdict and judgment for the defendant, the present appellant; which judgment, upon an appeal to this Court, was reversed, and the canse remanded to the Circuit Court, where, upon a second trial, the plaintiff obtained a verdict and judgment for fifty-five dollars; from which, the .defendant prosecutes his present appeal to (his Court. The facts, as they are to be gathered from the bills of exception, are, substantially, that the horse, for whose value the suit was brought, belonged originally to one McCullock, who sold him to one Beard, from whom he strayed off, and returned to the possession of McCullock, who refused to re-deliver him to Beard, upon the ground, that the sale was only conditional. Whilst the horse was thus in the possession oT McCullock, he sold and delivered him to the defendant; and Beard, whilst the horse was in the defendant’s possession, sold the chance of him to the plaintiff. Beard was examined as a witness in the cause, and swore that the sale from McCullock to himself, was an unconditional one, and that the sale from himself to the plaintiff, was made without recourse upon him, Beard. The defendant’s counsel then prayed the Court to instruct the jury, first, that no action ex contractu, could be supported upon the evidence in the cause; and second, that where the possession *459 is adverse, and the title to the property in dispute, the person out of possession, who claims title to the property, cannot dispose of his claim to a third person, and that third person support an action in his own name, against the party in possession; which instructions the Court refused to give. The counsel for the defendant objected, also, to the competency of Beard’s testimony, upon the ground that he was an interested person, and wonld be benefilted by sustaining the plaintiff’s title, and for that, he was an inadmissible witness, to prove the sale from himself to the plaintiff to have been made, without recourse upon him, Beard ; which objections were severally overruled by the Court. It is insisted, that the Court erred in refusing to give the instructions prayed for, and in admitting the evidence of Beard to go to the jury. Whether there was any other evidence in the cause, than that set out in the bill of exceptions, does not appear; but enough is shown under the decision already made in this cause, upon the authority in 10 Mass. R. 436; Cowper, 372 ; 2 Lord Ray, 1216; Cowper, 414, 19, and 1 T. R. 387, to support the action. The plaintiff, by waiving the tort, may recover in assumpsit. No privity is necessary to maintain either trover or asssumpsit; nor is the principle effected in any way by the want of possession, where the party has title. Whether deprived by force or accident of the actual possession, the person having title may recover in assumpsit, or dispose of his right to a third person : see 1 Chit. 150-1. Was Beard a competent witness in the cause ? It is a principle well settled, that whether the interest of the witness appear from his answers on the voir dire, or on his examination in chief) he may remove his interest, or restore his competency, by proving any fact, whereby his interest is determined: see Phil. E. p. 102, and Peake’s E. p. 197. The Circuit Court did right, therefore, in admitting Beard’s testimony to go to the jury. But it appears from the record, that the damages claimed by the plaintiff) before the Justice of the Peace, was fifty dollars. The verdict and judgment in the Circuit Court are for fifty-five dollars. In this the Circuit Court erred, and the judgment, for that cause, must be reversed, and the cause remanded to the Circuit Court, unless the plaintiff will enter a remittitur for the excess, and in that event, this Court, proceeding to give such judgment as the Court below ought to have given, do affirm the judgment for the amount of the damages claimed before the Justice.
The appellant is adjudged his costs.