## Case No. 7,206a.
JANES v. BUZZARD.
[Hempst. 240.] [1]
Superior Court, Territory of Arkansas. July, 1834.

---

[1] [Reported by Samuel Blatchford, Esq.]

[1] [Reported by Samuel H. Hempstead, Esq.]

Before JOHNSON and YELL, JJ.

JOHNSON, Judge. This is an action of indebitatus assumpsit, brought by [Jacob] Buzzard against [Massack H.] Janes, in the Lafayette circuit court, for the work and labor of six negroes, slaves, the servants of the plaintiff. The cause was tried on the general issue, and a judgment and verdict rendered for the plaintiff below for the sum of one hundred and eight dollars and costs of suit, to reverse which this writ of error is prosecuted.

The first assignment of error questions the sufficiency of the declaration, in not setting out any consideration for the promises therein mentioned, and in not averring that the plaintiff performed the work and labor either by himself or his servants. The plaintiff, in his declaration, avers, that "the defendant was indebted to the plaintiff in the sum of three hundred dollars, for work and labor of certain negro slaves, servants of the plaintiff, namely, one negro named Jacob, and before that time done and performed for the defendant, and at his special instance and request." The plaintiff in the court below alleges that the work and labor was done and performed by his servants at the request of the defendant, and there can surely be no doubt that he has a right to recover for the work and labor of his servants, as though they were his slaves for life.

The next error assigned is, that the court permitted improper testimony to go to the jury. From a bill of exceptions filed in this cause, it appears that the plaintiff in the court below produced the record of a suit in the Lafayette circuit court by the plaintiff in error, against the defendant in error and others, and offered to read as evidence a part of it, from which it appeared that Janes had, by a decretal order of the Lafayette circuit court, caused the negroes in this suit to be taken from the possession of Buzzard and delivered to him, and at a subsequent term of the court, the negroes were again ordered by the court to be restored to Buzzard. To this evidence, Janes, by his counsel, objected; but the court overruled his ob-

jection, and permitted the evidence to go to the jury.

We can see no error in the decision of the court in permitting the evidence to go to the jury. The plaintiff and defendant were parties to the suit, the record of which was adduced as evidence, and if it conduced to prove any fact material to the issue then before the court, either party had a right to use it. That it conduced to prove, and did establish beyond controversy, the length of time Janes had possession of the negroes, cannot admit of a doubt. This was a material inquiry, and on that ground the record was properly received as evidence.

The next assignment of error is, "that the court rejected proper testimony when offered by the defendant." The first evidence offered by Janes, and rejected by the court, is as follows: Janes, by his counsel, asked a witness, "if the negro Jacob was taken subject to the condition that if he ran away and could not be returned at the expiration of three or six months, the person taking him should be liable to pay the value of him, what would be the value of his services per month?" The court, in our judgment, correctly rejected the testimony. If Janes, by obtaining, as he did, the possession of the negro of Buzzard, incurred the responsibility of paying his value in the event of his running away, it was a liability voluntarily assumed, and cannot diminish the claim of Buzzard for the value of his services, especially when it does not appear that the negro did in fact run away. The remaining evidence rejected by the court is the following: The plaintiff in the court below introduced Morris May as a witness, and proved by him that he (May) sold and delivered the negro to the plaintiff, and that he (the witness) purchased the negro of one Samuel Farney. The defendant then asked the witness by what title he held the negroes, and what consideration he gave for them; to which the plaintiff objected, and the court sustained the objection. We think the evidence was inadmissible. The witness had already answered that he held them by the title of purchase from Farney, and it was equally valid whether it was made by a parol agreement or by a bill of sale, and it was not material whether he gave the full value for them or not.

The counsel for the plaintiff in error has insisted that the present action is misconceived, and that from the facts disclosed by the defendant in error on the trial of the cause, he was not entitled to recover in this form of action. A conclusive answer to the argument is, that all the facts of this case, as they were detailed in evidence to the court below, are not presented to this court. The bills of exception do not state that all the evidence given in the case is contained in them. Admitting, however, that it does appear from the evidence spread upon the record, that Janes obtained posses-

sion of Buzzard's negroes by an unjust proceeding in a suit in chancery, still we think that the present action is maintainable by Buzzard. It is no doubt true that Buzzard might have brought an action founded upon the tortious acts of Janes, and recovered damages for the wrongful taking, as well as the illegal detention of his servants. But it was competent for him, and he had the election to waive the tort and to bring an action ex quasi contractu. There is abundant authority to sustain this position. In the case of Stockett v. Watkins, 2 Gill & J. 326, it was held that where one gets possession of chattels tortiously, and converts them into money, the real owner may waive the tort and sue in assumpsit for the proceeds; and that action has been sustained in some instances where the trespasser has not parted with the chattels. Where they have been returned to the owner, he may still waive the tort, and then recover their value for the time of their detention in assumpsit. 1 Saund. Pl. & Ev. 133; 1 Chit. Pl. 94; 1 Mo. 643. Judgment affirmed.