Dewey, J.
Assumpsit by Frazee against W. Jones. The suit was commenced on the 28th of March, 1842. The declaration contains two counts, one in indebitatus assumpsit, and the other a quantum meruit, for the use and occupation of certain land. The pleas were the general issue; the statute of limitations; and two other special pleas. Issues of fact upon the two ffrst pleas. To the two last pleas there were general demurrers. The demurrer to the third plea was correctly sustained; that to the fourth was overruled, and final judgment rendered for the defendant.
The only question presented for our consideration arises from the decision of the Circuit Court on the demurrer to the fourth plea. That plea is substantially as follows : That “ on the first day of March, 1831, one Jonathan Jones entered into a written agreement with one William Dailey, the attorney in fact of said -plaintiff, by which the said Dailey, the ^attorney ,did lease to the said Jonathan Jones, for the space of eleven years from the 1st day *414 of March, 1831,” a certain tract of land (describing it); that in 1837 the defendant took a lease of the land from J. Jones, held it under him until the end of his term, and then quitted the possession. The laud thus held under J. Jones is averred in the plea to be the same land mentioned in the declaration.
C. B. Smith and S'. W. Parker, for the plaintiff’.
C. H. Test, for the defendant.
We see no ground on which this plea can be sustained. If it could be considered as containing an averment that the plaintiff, by his attorney, leased the premises to J. Jones, under whom the defendant held them during J. Jones’ term, and also an averment that such holding was the same use and occupation mentioned in the declaration, the plea, as amounting to the general issue, would be good on general demurrer. But the latter averment it certainly does not contain. It simply avers that the land held by the defendant under J. Jones was the same land mentioned in the declaration. This may be true, and still the defendant may have occupied the land under J. Jones during the existence of the latter’s lease; and also under the plaintiff, either before the commencement of that lease on the 1st day of March, 1831, or after its expiration on the 1st day oí March, 1842, and previously to the institution of the suit, which happened twenty-eight days later. In this point of view the plea is evidently no answer to the declaration. The demurrer should have been sustained.
Per Curiam.—The judgment is reversed, with costs. Cause remanded, &c.