WILLIAM LEARY, Respondent, *v.* HANNIBAL AND ST. JOSEPH RAILROAD COMPANY *et al.*, Appellants.

*Constitution—Eminent Domain—Action—Trespass.*—Lindell's Adm'r v. Han & St. Jo. R.R. Co., 36 Mo. 543, P. 1, affirmed.

*Appeal from Marion Circuit Court.*

*Carr*, for appellants.

*Dryden & Lindley*, for respondent.

FAGG, Judge, delivered the opinion of the court.

It is not proposed to enter into the consideration of all the errors assigned in this case. The principal points raised have been heretofore decided by this court, and may be briefly disposed of by reference to those cases.

This suit was instituted under the act entitled "An act to prevent certain trespasses," R. C. 1855. The appellants were charged with quarrying and carrying away from the land of respondent, wrongfully and without leave, a large quantity of stones of the value of $500, and in like manner with cutting and carrying away a certain number of trees of the value of $30, and asking for treble damages under the statute. There was a trial and verdict for the respondent, and the case comes here by appeal.

The appellants were contractors for the building of the Hannibal and St. Joseph railroad, and the materials alleged to have been so taken were used in the construction of bridges and other portions of the said road. In the case of Lindell's Adm'r v. Hann. & St. Jo. R.R. Co., 36 Mo. 543, it was held that the acts charged in the petition did not constitute a trespass, and for which the parties might have been proceeded against by the common law action : they were held to be fully justified and protected by the act of February 23, 1853, amendatory of an act to incorporate the Hannibal and St. Joseph Railroad Company—R. R. Laws, 15. It was likewise held in the same case, that, the act referred to having "provided a specific mode of proceeding by which the damages should be ascertained," the party injured had no other remedy, and must pursue the course pointed out in that act. Clark's Adm'x v. Hann. & St. R.R. Co., 36 Mo. 202, is also referred to.

This case being in all essential particulars similar to the one cited, must for the reasons there given be reversed and remanded. The other judges concur.