ROBERT B. EDMONSON, Respondent, *v.* BENJAMIN KITE, Appellant.

1. *Landlord and Tenant — Use and occupation, action of.* — The action for use and occupation cannot be maintained, unless the relation of landlord and tenant, express or implied, exists between the parties.
2. *Landlord and Tenant — Use and occupation, action of — Trespasser.* — A trespasser cannot be sued for use and occupation, nor can the landlord waive the tort and proceed against him as a tenant.

*Appeal from Third District Court.*

*H. J. Lindenbower*, for appellant.

I. An action for the use and occupation of premises will not lie where the relation of landlord and tenant does not exist, founded upon an agreement, express or implied. (Cohen v. Kyler, 27 Mo. 122 ; Hutton v. Powers, 38 Mo. 353.)

II. The fourth section of the eleventh article of the constitution of the State of Missouri, adopted in the year 1865, when pleaded, is a complete bar to the prosecution of any suit on account of any act done by the defendant in pursuance of orders received by him from any person vested with military authority. (Smith v. Owen, 42 Mo. 508 ; Drehman v. Stifel, 41 Mo. 184.)

*James F. Harden,* and *Baker & Ellis,* for respondent.

The law implies agreement on the part of the defendant to pay what the use and occupation of the plaintiff's building was reasonably worth. This action was properly brought for use and occupation. "A petition stating such facts as show a right of recovery in the plaintiff will be sufficient, although the facts are not so stated as to show a right of recovery in any of the common law forms of action." (Jere Ahern v. John Collins, 39 Mo. 145.) Our statute declares that there shall be but one form of action, and that "this shall be denominated a civil action." (Gen. Stat. 1865, p. 651, ch. 161, § 1.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings his suit in the Greene County Circuit Court "for the rent, use, and occupation of a house, the property of the plaintiff." The defendant filed his answer, which was stricken out, and afterward an amended answer, denying that he rented the room in the petition mentioned from the plaintiff; and further stating that the plaintiff was not in possession of the room when defendant took possession, but that the government authorities had possession of it, because the plaintiff was a rebel; that he was occupying another room in Springfield for a post-office, which the military authorities took possession of; and the captain and quartermaster of the district ordered and forced the defendant to take possession of plaintiff's room. Defendant gives the dates of the orders, and states that he continued to occupy during the time for which plaintiff claims rent, in pursuance of orders from the military commander of the post, and pleads in bar the fourth section of the eleventh article of the constitution of the State.

After the close of the testimony the defendant asked leave to file an amended answer, to conform to the testimony, making the answer more precise, and varying it principally in averring that the United States military authorities themselves took possession of plaintiff's building, and removed the post-office to it, and that defendant was compelled by them to transact the public business

in that room—which motion was refused, and verdict and judgment was given for the plaintiff and affirmed in the District Court.

At plaintiff's instance the court instructed the jury that " if they believe from the evidence that the defendant occupied the room or house of the plaintiff,  *  *  the law implies a promise to pay ;" and that "no military authorities or orders to the defendant to occupy said house will protect him from paying for the use of the same."

The court refused to give any of the instructions asked by defendant, which were, in substance, that if the jury believe that the United States military authorities had possession and control of the room during the time the defendant kept the post-office in it, they would find for defendant ; also, that if defendant did not rent the room of plaintiff, or contract with him for it, they should find for defendant.

The first question presented is the liability of the defendant to pay rent for the "use and occupation" of plaintiff's premises without holding to him the relation of tenant. This court has often held that the action for use and occupation cannot be maintained unless the relation of landlord and tenant, express or implied, exists between the parties. (Hood v. Mathis, 21 Mo. 308 ; Cohen v. Kyler, 27 id. 123 ; Hutton v. Powers, 38 id. 353 ; see also 8 Bac. Ab. 504 ; Birch v. Wright, 1 T. R. 378 ; Gunn v. Scovill, 4 Day, 228 ; Henwood v. Cheeseman, 3 Serg. & R. 500 ; Osgood v Dewey, 13 Johns. 240 ; Bancroft v. Wardwell, id. 490 ; Butler v. Cowles, 4 Ohio, 205 ; Sinnard v. McBride, 3 id. 264 ; Richey v. McBride, 6 id. 371 ; Peters v. Elkins, 14 id. 344; Newby v. Vestal, 6 Ind. 412 ; Frazer v. Jones, 6 Blackf. 386.)

All these authorities sustain the Missouri doctrine, and some of them expressly contradict the claim of the plaintiff that a trespasser may be sued for use and occupation ; that the landlord may waive the tort and proceed against him as a tenant. This doctrine seems to be held in the Massachusetts courts. (See Cummings v. Noyes, 10 Mass. 433 ; Boston v. Binney, 11 Pick. 1.) But I can find no other courts to sustain it. Judge Read, in Peters v. Elkins, 14 Ohio, 344, says that " the action for use

and occupation will lie only between persons holding the relation of landlord and tenant. It sounds in contract, and springs from the mutual assent of owner and occupant, that the latter holds by permission of the former. If the occupant enter and hold without permission or right, he is a trespasser; nor can the owner waive the trespass and make him his tenant without his consent."

In Henwood v. Cheeseman, 3 Serg. & R. 500, the court say: "But if the defendant came on as a trespasser, the plaintiff cannot recover in action for use and occupation." In abolishing the forms and names of actions, the code does not abolish their character. They exist in the nature of things. The petition must contain a statement of the facts constituting the cause of action. In suing for a tort he must state the facts that constitute the tort; otherwise he cannot prove these facts. There was manifest error in this case in holding that the relation of landlord and tenant existed from the mere fact of occupancy. All the evidence shows that there was no such relation, either express or implied.

The judgment of the District Court is reversed, and the case remanded to the Circuit Court for further proceedings. The other judges concur.