JACOB TAMM, Respondent, *v.* SANFORD B. KELLOGG, Appellant.

1. *Eminent domain — Street opening — Land taken for — Adverse claimants — Statute of frauds — Action for money paid.*— When a municipal corporation takes land for public use, the title passes by mere operation of law, without any conveyance, and the transfer is not within the statute of frauds. Hence, where land claimed by opposite parties is condemned for street purposes, the rightful owner may treat the proceedings as regular and affirm the transfer to the city as valid, without a written transfer, as in case of the wrongful seizure and sale of personal property which passes by mere delivery, and may sue the opposite claimant for the money received by him in payment for the land. In such case the law creates a privity of estate between the parties, as in case of personal property, which will lay the foundation for this action.

Tamm v. Kellogg.

A suit of the latter nature is not technically a trial of title, although involving the question who was the true owner at the date of the survey. The title at the time of bringing the action is not in dispute.

2. *Real estate — Mistaken boundary line — True line must govern, when — Adverse possession.* — If two adjoining proprietors are divided by a line which they suppose to be the true one, each claiming only to the true line wherever it may be, they are not bound by such supposed line, but must conform to the true one when it is ascertained. But if these proprietors fix upon certain monuments or clearly-defined mark of their division line, and each holds open, notorious and continued possession to such line, claiming it to be the true one; or if one holds such possession up to such boundary, claiming it to be the true line, and the other party acquiesces or fails to take steps to disturb his possession, it is adverse, and the statute of limitation will apply.

In the absence of intention to hold adversely, however, the presumption will be that he designed to hold only to the true line, whatever that might be.

## *Appeal from St. Louis Circuit Court.*

*Knox*, for appellant.

I. The record does not show any privity between the plaintiff and defendant. (1 Wheat. Sel. Nisi Prius, 104.) The plaintiff, Tamm, was no party to the proceedings of the city of St. Louis v. Kellogg. The verdict and assessment of the jury was in favor of defendant. The verdict was confirmed and the money paid to defendant by the city. Plaintiff had no interest in it. By the payment of the money the city was entitled to take possession and did take possession of the land, and defendant's title was vested in the city.

II. The plaintiff did not show any legal title to the land. The rights of the parties to this suit depend upon whether Chouteau Mill creek, in 1845, was a fixed or a shifting boundary, which is a question of law upon the facts proved. The channel of said creek was actually located and fixed in 1845, by survey, and could not afterward be a shifting boundary line. (Ang. Wat. Cours., § 57; 3 Kent's Com. 428 ; Mincke v. Skinner, 44 Mo. 92–7; Primm v. Walker, 38 Mo. 94, 99.)

III. The plaintiff testified that he claimed and now claims only so much land as is included in his deeds from Paul in 1847. Paul's possession did not extend beyond the center of the creek as it was in 1845 and 1847, and if, then, the creek has moved to

the eastward at any time since 1847, from any cause, the plaintiff's possession is by mistake, and, under the instruction of the court, cannot avail him in this suit.

*E. C. Kehr*, for respondent.

I. Defendant cannot say that the city did not acquire full title to the land; he was a party to the land commissioner's proceeding, claimed the land in question, and received its equivalent in money.

II. Land may be dedicated to public use without a deed. Plaintiff, in bringing this action, assents to and confirms the taking of his land and the proceedings before the land commissioner; this, with a judgment for the compensation assessed, will work a dedication of the land. (Soulard v. City, 36 Mo. 546; McKee v. City, 17 Mo. 184.)

BLISS, Judge, delivered the opinion of the court.

The city of St. Louis established and opened Mercer street, appropriated land claimed by both plaintiff and defendant; the damages were assessed at $900, and paid to defendant, and the plaintiff brings this suit for the money thus received. Both parties treat the proceedings of the city authorities as regular, and seek to affirm them, although they might have been avoided for non-compliance with the statute; and the question arises, whether there was such privity between these parties that this action will lie.

In order to sustain an action for money had and received, privity of contract is not required. As a rule, when one person has in his hands money belonging to another, the law implies privity, and an action will lie on behalf of the latter. (Floyd v. Wiley, 1 Mo. 643; Hall v. Marston, 17 Mass. 575.) And when money has been received from the wrongful sale of the personal property of another, the latter may waive the wrong and recover the amount received. (Floyd v. Wiley, *supra;* Jones v. Hoar, 5 Pick. 285 and note; Marsh v. Keating, 1 Bing., N. C., 199.) The fiction of a promise is now dispensed with, but the obligation is the same, and the title to the property thus wrongfully taken and sold is confirmed in the purchaser. The plaintiff seeks to

apply this liability to the case of one who has received pay for land which he claimed to own, at the suit of another who had been an adverse claimant; and thus, in a money action to try the title to real estate, or rather to decide who at a certain time was the owner. Ordinarily, the title to the realty cannot be tried in this form of action. A person who is disseized cannot recover for use and occupation (Edmondson v. Kite, 43 Mo. 176; 11 Pick. 9; 2 Gill, 327), or for money received from rents (Codman v. Jenkins, 14 Mass. 96), or sales of timber (Bigelow v. Jones, 10 Pick. 161), or from the sale of the land itself, by showing that the land belongs to him. (Bingham v. Winchester, 6 Metc. 460.) The reason given for the distinction between real and personal property is that by ratifying the conversion of the latter, the title, which may pass by mere delivery, is thus confirmed in the assignee of the wrong-doer; but the transfer of real estate is regulated by different rules, and great confusion would arise if it were predicated upon a money action.

In the cases where parties are forbidden to try title by an *indebitatus* action, the present title is in dispute, the plaintiff is disseized, and seeks to recover by showing that the title is in him, and that he is entitled to possession, and hence that the one in possession holds under him as tenant; or, if the property has been sold, that its proceeds were received for his use. The implied ratification of an adverse claim cannot operate as a conveyance; hence there is no privity. If, however, the title passes by operation of law, and no deed is required, the statute of frauds is satisfied, and no principle is violated by holding that the sale may be ratified, and that the money received should be held for the true owner.

In an action of trespass against a municipal corporation for an illegal appropriation of land, it is held that a judgment for damages operates as a transfer of title, or dedication to the uses for which it was appropriated. (Soulard v. St. Louis, 36 Mo. 546.) The distinction between this case and the same action against an individual arises from the fact that, in order to pass title to the city, no conveyance is necessary, and hence the seizure may be treated as the true owner might treat a conversion of personal

property, and the title be affirmed in the wrong-doer by an action for damages. That action is not the same as the one under consideration, but I refer to it to show that the reason for distinguishing between the effect of actions in regard to real and personal property arises from the different modes of transferring property, and when that difference ceases the construction is abandoned. In both cases the city has taken property for public use. In the one, the owner brings trespass and confirms the title by receiving the value, in the same manner as though he had brought an action for taking his horse ; in the other the city has paid the wrong person, and the owner, as no deed is required, may affirm the seizure by suing for the money which should have been paid to him, as he might do if his neighbor had wrongfully taken and sold his personal property.

I hence infer that under the present circumstances the law creates a privity between the parties; and I come to the conclusion with hesitation, as it seems to create an exception to the rule that the title to real estate cannot be litigated in an action for money received on its account. This is not, however, in a technical sense, a trial of title, and when the proceedings of the city have been regular, the true owner might be without remedy unless he could bring this suit ; and if irregular, he certainly has a right to waive the irregularity.

I find no error of law in the record. All the declarations of law asked by defendant were given, except those upon the question heretofore considered; he claims, however, that the finding of the court was contrary to its declarations of law as applied to the evidence, and that he should have had a new trial.

The plaintiff, though claiming by paper title, evidently recovered under the statute of limitations. It is not disputed that there was evidence tending to show possession for over ten years, but inasmuch as the plaintiff claimed that the land covered by such possession was embraced in his deed, and that he held under the deed, the possession could not be adverse if he held beyond the true line. This claim is based upon the correct principle that if two adjoining proprietors are divided by a line which they suppose to be the true one, each claiming only to the true line

Tamm v. Kellogg.

wherever it may be, they are not bound by such supposed line, but must conform to the true one when ascertained. (St. Louis University v. McCune, 38 Mo. 485; Thomas v. Babb, 45 Mo. 384; Washb. Real Prop. 500.) But if these proprietors fix upon certain monuments or clearly-defined mark of their division line, and each holds open, notorious and continued possession to such line, claiming it to be the true one; or if one holds such possession up to such boundary, claiming it to be the true line, and the other party acquiesces or fails to take steps to disturb his possession, it is adverse. There can be no disseizin without intention, and in this case without claim of title; and the question is whether the party in possession only intends to hold to the true line wherever it may be, or whether he makes his claim and intends to hold to the specific line that bounds his possession. The mere fact that he claims that line to be the true one cannot negative the intention and make him hold, if mistaken, under the opposing claimant; although in the absence of evidence of intention to hold adversely, the presumption would be that he designed to hold only to the true line.

The plaintiff and defendant were divided by a small running stream. Some twenty years since, the position of this stream was fixed by survey, and defendant claims that what before had been a shifting became then a fixed line, and afterward the stream changed its bed. Upon this point the court seems to have sustained him, but must have found, as a matter of fact, that for more than ten years before the appropriation of the land by the city the plaintiff had been in possession up to the stream as it then ran, claiming that it was the true division line. If so, the defendant was disseized, and adverse possession was held, even if the bed of the stream had previously changed from its location when so fixed by survey, in regard to which the evidence was conflicting.

Most of the considerations urged by appellant were pertinent in the trial court but are not here. The ruling fact was found against him, and I am unable to find any error of law. The judgment will be therefore affirmed. Judge Wagner concurs. Judge Currier expresses no opinion.