: 45  645
76  618]

BRIDGET McLAUGHLIN, Appellant, v. M. S. DUNN, Respondent.

**Kansas City Court of Appeals, May 25, 1891.**

"Widow's Quarantine : ACTION FOR INJURY : TRESPASS. An action for taking away the fruits, crops and meadows growing on premises claimed as her quarantine by a widow should sound in trespass, and not in contract, as for use and occupation.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge. •

AFFIRMED.

*January & Lindley* and *E. J. Daughters*, for appellant.

(1) The house and land in question was the widow's quarantine. She was entitled to the possession, rent free, and the administrator had no right there. R. S. 1889, sec. 533 ; *Orrich v. Pratt, Adm'r*, 34 Mo. 226. (2) A statement filed in a suit before a justice of the peace in the form of an account is sustained by evidence of a conversion. *Coughlin v. Lyons*, 24 Mo. 534 ; *Hale v. VanDever*, 67 Mo. 732 ; *Allen v. McMonagle*, 77 Mo. 478.

*Irvin Gordon*, for respondent.

The court committed no error in sustaining the demurrer to the evidence. It is a well-settled doctrine in this state, that an action for use and occupation does

not lie unless the relation of landlord and tenant exists between the parties. *Hood v. Mathis & Sally*, 21 Mo. 308 ; *Cohen v. Kyler*, 27 Mo. 123 ; *Hunton v. Powers*, 38 Mo. 353 ; *Edmonson v. Kite*, 43 Mo. 176, and cases cited ; *Tamm v. Kelly*, 49 Mo. 121, and cases cited ; *Bank v. Aull*, 80 Mo. 199. Neither can a person who is disseized recover money received from rents, or sales of apples, or grass grown on the land, by showing that the lands belong to her. *Tamm v. Kelly, supra.* Under the code, one cannot sue on one cause of action, and recover on another. *Sumner v. Rogers*, 90 Mo. 324 ; *Carson v. Cummings*, 69 Mo. 325 ; *Clements v. Yeates*, 69 Mo. 623 ; *Sandeen v. Railroad*, 79 Mo. 278 ; *Boone v. Stover*, 66 Mo. 436 ; *Phillips v. Mastbrook*, 24 Mo. App. 129 ; *Robbins v. Railroad*, 34 Mo. App. 609.

ELLISON, J.—Plaintiff is the widow of M. H. McLaughlin, who died seized of, and living in, the house and upon the lands which figure in this controversy. Defendant is administrator of McLaughlin's estate. The trial court sustained a demurrer to plaintiff's evidence, and she appeals. The statement of the cause of action as filed with the justice of the peace is as follows :

"May 22, 1889.

"*M. S. Dunn, to Bridget McLaughlin, Dr.*

"For the use of orchard for the year of 1887, orchard located on section 31, township 35, range 33, in Vernon county, Missouri...... $50 00.

"Rent of house during the year of 1886, five months, commencing on or about the first day of October, at $8 per month.......... 40 00.

"Twenty-five acres of grass land, on section 31, township 35, range 33, in Vernon county, Missouri, for the year 1887.............. 50 00.

"Mrs. B. McLaughlin, as being sworn, makes oath and says that all the statements and allegations that are herein set forth are true in substance and fact.

"MRS. B. MCLAUGHLIN."

The testimony tended to show that, shortly after the death of McLaughlin, defendant ordered plaintiff off the premises, and took exclusive charge and possession of the same; that he afterwards paid her some money as being what he claimed was due her from sale of apples and grass. It may be conceded that such payment was not all the money he received on this account. Plaintiff's theory of her right to maintain the action is that the premises were her quarantine as the widow of deceased. The difficulty, however, lies in the kind of action brought. The action is as though defendant was a tenant, when, in fact, the testimony tends to show, on plaintiff's theory, that he was a trespasser. The action is specifically for use and occupation which can only be maintained where the relation of landlord and tenant, express or implied, exists. Some contractual relation should exist. *Edmonson v. Kite*, 43 Mo. 176, and cases cited therein; *Aull Savings Bank v. Aull*, 80 Mo. 199 ; *Tamm v. Kelly*, 49 Mo. 121. The cases of *Allen v. McMonagle*, 77 Mo. 478, and others of like kind, cited by plaintiffs, are not applicable.

The judgment will be affirmed. All concur.