ALEXANDER McALLISTER, Respondent, v. JOHN H. REEL, Appellant.

St. Louis Court of Appeals, February 14, 1893.

1. **Eminent Domain:** DISTRIBUTION OF DAMAGES AWARDED. A owned in fee, and B had a leasehold interest in, land taken under proceedings of eminent domain to which both were parties defendant. There was only one assessment of damages for the land taken, and it was in favor of A or owner. *Held,* that it included the damages to which B was entitled, and that, the entire award having been collected by A, he was answerable to B for the latter's portion.

2. ———: ———: ESTOPPEL. Nor is B estopped from claiming his portion of the award by the fact that he did not file any exceptions to the award, and that A had withdrawn his exceptions in the belief, based on B's non-action, that B did not claim any part of the damages awarded.

3. ———: ———: LANDLORD AND TENANT. The lease held by B contained a provision for the payment to him of the value of improvements erected by him on the land, if the lessor should sell the premises during the term of the lease. *Held* that the condemnation of the land did not constitute a sale within the meaning of the provision.

4. ———: ———: COMPETENCY OF TESTIMONY OF THE COMMISSIONERS. Such award in favor of A or owner is conclusive that it was intended to embrace B's damages as well as A's.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*Frank S. Reel,* for appellant.

(1)   Instruction number 1 is improper.   Plaintiff could have no interest in the $1,250, awarded defendant for the value of the fee.   The court instructed the jury to make the sum of $4,732.50 the basis of their calculation.   Such sum was the entire amount received by defendant, $3,500 being the amount allowed for the improvements, and the $1,250 allowed for the fee.   The scheme and charter make it necessary in proceedings to open streets that every one having an interest be made parties.   Plaintiff cannot recover as he was a necessary party, and such parties occupy *inter sese* hostile positions.   They are in no sense joint defendants.   2   Revised   Statutes,   1889,   p.   2119. Plaintiff's lease was recorded in the city of St. Louis on May 2, 1887, and was for a term of ten years from June, 1886.   It was real estate within the meaning of the statute.   Under the scheme and charter all persons interested in land shall be made parties.  Art. 6, sec. 2, p. 2120.   Provision is made for process in section 3.   Commissioners and subsequent proceedings are provided for in sections 4, 5,  6, 7, 8, 9 and 10.   Section 6 provides that "in making such report the value and damages allowed each individual shall be separately stated."   Section 7 provides for exceptions to the reports by either party.   Although McAllister was a party he made no complaint.   After he was served he was bound to be in court until the approval of the report.   *Masters v. McHolland,* 12 Kan. 17.   If proceedings are regularly instituted for the condemnation of property, and the owner is duly notified that no damages are awarded to him, his only remedy is by appeal. *Powell v. Clelland,* 82 Ind. 24;  *Conolley v. Griswold,* 7 Iowa, 416; *Masters v. McHolland, supra.*   It is not com-

petent for plaintiff to show by parol that the sum allowed defendant embraced the value of his term. *Turner v. Williams*, 10 Wend. 139. (2) The plaintiff is estopped by the record from claiming any interest in the money allowed defendant. Their positions in the street condemnation proceedings were adversary; their claims were conflicting, and in such cases the judgment is conclusive. 2 Black on Judgments, sec. 599; Wells on Res Adjudicata, sec. 15, *et seq.; Deven v. Ottumwa*, 53 Iowa, 461; *Goldsmith v. Nobles Co.*, 37 Minn. 49; *Leavett v. Wolcott*, 95 N. Y. 212. The plaintiff is estopped by matter *in pais*. *Justice v. Town of Lancaster*, 20 Mo. App. 559.

*F. K. Ryan* and *J. F. O'Reilley*, for respondent.

If damages are awarded and paid to one as owner, for property taken for public use, who is not the true owner, he will be liable to such true owner in an action for money had and received. *Tamm v. Kellogg*, 49 Mo. 119; Lewis on Eminent Domain, sec. 627. In such a case it is immaterial whether the true owner was or was not a party to the proceedings, so far as concerns his right to recover from the person to whom the award was made, if no separate award was made to the former and his name was omitted in the finding of the commissioners. *Harris v. Howes*, 75 Me. 436. The doctrine of estoppel has no application to the matter now in controversy between appellant and respondent. While the award was binding as between the respondent and the city of St. Louis, it was not final between the appellant and respondent as defendants in the proceedings to condemn, because there was no attempt made by the commissioners to determine the respective rights of the said parties. Bigelow on Estoppel [5 Ed.] pp. 101, 102.

BIGGS, J.—The plaintiff's action is for money had and received.

For the purpose of widening Whittier street, the city of St. Louis in 1889 condemned a part of city block number 3681, having a front of seventy feet on Easton avenue by a depth of one hundred and sixty-six feet. There is a tenement house on the lot. The greater portion of the house was condemned and removed. The plaintiff at the time of the condemnation was the owner of an unexpired lease for a term of years, and the defendant was the owner of the reversion. Both were made parties and appeared to the condemnation proceedings. The commissioners assessed the entire damage, but they failed to apportion it. The assessment was for $4,732, and it was awarded to "John H. Reel, or owner." The defendant only filed exceptions to the report of the commissioners; these were afterwards withdrawn, whereupon the report was approved by the circuit court and the amount of the assessment paid to the defendant. With the exception of the failure of the commissioners to apportion the damages, the condemnation proceedings were regular. Upon this state of facts the plaintiff claims that he is equitably entitled to a proportionate share of the money.

The defendant denied liability. He set forth in his answer, by way of an estoppel *in pais*, that he had been induced to withdraw his exceptions to the report of the commissioners upon the belief that the plaintiff did not make claim to any portion of the damages assessed, and that he was led into this belief through the plaintiff's failure to object to the award or to notify him that he intended to claim a share therein.

There was a finding in favor of the plaintiff for $1,250, and judgment was entered accordingly. The defendant has appealed, and he complains of the

instructions, the rulings of the court as to the evidence, and the method devised for ascertaining the amount to which the plaintiff was entitled.

We are satisfied that the plaintiff's cause of action is well founded. *Tamm v. Kellogg*, 49 Mo. 118; *Harris v. Howes*, 75 Me. 436; *Brinckerhoff v. Wemple*, 1 Wend. 470; Lewis on Eminent Domain, sec. 627. The defendant admits that the plaintiff was his lessee; that the lease had several years to run; and that the larger portion of the house was condemned and removed. He also admits that he received the entire award. The report of the commissioners conclusively shows that the entire damages to the property were assessed. Certainly, under this evidence, the defendant has money in his hands which equitably and fairly belongs to the plaintiff, and which the defendant must pay. The facts relied on by him to estop the plaintiff from making his claim are insufficient. The plaintiff and the defendant are equally to blame for the failure of the commissioners to apportion the award. The former ought to have insisted on it being done, and defendant ought to have disclaimed the right to recover the plaintiff's portion. But the failure of the plaintiff to object to the award, or to notify the defendant of his legal right to a portion of the money, did not make out a case of estoppel against him. If the plaintiff had disclaimed any right to damages and the defendant had acted on it to his prejudice, then he would have quite a different case. Our conclusion on this point leaves the defendant without a defense to the merits.

But, as no intelligent method was adopted for determining an equitable apportionment of the damages, the judgment will have to be reversed. The plaintiff's evidence on this subject was confined to proof of the value of his leasehold, and the decrease in his receipts for

rent. Just how an intelligent verdict could be reached on such evidence we cannot conceive.

The premises were leased by the plaintiff from the defendant for ten years beginning June 1, 1886, and ending June 1, 1896. The annual rent, as fixed in the lease, for the first five years was $150, and for the second five years, $205. The evidence tends to show that the leasehold was practically destroyed, but it nowhere appears at what time the city took possession, or when the money was paid to the defendant. These facts must be established on another trial. Assuming for the purposes of a direction that the city took possession of the property January 1, 1891, there was then left of plaintiff's lease five and one-half years. Six per cent. interest on the amount of the award for that time gives $1,561.56. Reduce this amount to a present cash value. The rent which the plaintiff would have to pay for the remainder of the term would be $1,100. Reduce this amount to a present cash value, and deduct it from the gross cash value of the lease as ascertained above, and the remainder will present the equitable share of the plaintiff in the award. This method of computation is only applicable to the particular facts of this case. If the plaintiff claims to have sustained special damages, that is, damage beyond the reasonable money value of the leasehold, he ought to have presented the matter to the commissioners and had his damages assessed separately.

It will be well to refer to another matter. The lease contains this clause: "In case the lessor should sell the premises before the expiration of this lease, he hereby agrees to refund the lessee for the improvements he may have made." This covenant is usually inserted when the right to terminate the tenancy by sale is reserved, but it is quite unusual when no such right exists. Giving this clause a strict legal construction,

we do not think that the condemnation of the property ought to be treated as a sale by defendant. Hence, the question of the value of the improvements made by the plaintiff during the time he held under the lease cannot be considered under the pleadings and evidence as shown by this record.

The plaintiff read in evidence the depositions of the commissioners to the effect that the entire damage to the property was assessed. That testimony was incompetent, as well as unnecessary, as the report of the commissioners is conclusive as to that fact. *Turner v. Williams*, 10 Wend. 140.

With the concurrence of the other judges, the judgment of the circuit court will be reversed, and the cause remanded. It is so ordered.