GEORGE M. LANDREE, Respondent, v. LOUISA D. WARREN *et al.*, Appellants.

Kansas City Court of Appeals, April 3, 1893.

Landlord and Tenant: ACTION FOR RENT BY EXECUTOR.  A will gave the homestead to the widow during her natural life, remainder to the heirs.  The executor made final settlement and distribution and was discharged.  The widow thereafter rented the farm to the defendants and died.  The executor brought suit for rent and use of farm from the death of the widow to the end of defendants' term.  *Held,* the action was not maintainable; there being no relation of landlord and tenant, the action for use and occupation will not lie, and the rights in the land passed to the heirs and not to the executor.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*E. R. Stephens* and *A. W. Mullins*, for appellants.

(1) The will of Meredith Brown did not invest Landree, the executor, with any power or authority whatever with respect to the homestead willed by the testator to his wife 'for her use during her natural life. The title at her death became vested in the heirs of Meredith Brown. (2) Even if the plaintiff had been acting as executor of the will of Meredith Brown, deceased, and had then been invested with the lawful right so to act, or thereafter when he brought this suit, yet as such executor he was not authorized to sue. *Aubuchon v. Lory*, 23 Mo. 99; *Chamber's Adm'r v. Wright's Heirs*, 40 Mo. 482; *Scudder v. Ames*, 89 Mo, 496, 511; *Gamble v. Gibson, Ex'r*, 59 Mo, 585, 594; *Shouse v. Krusor*, 24 Mo. App. 279. (3) The plaintiff, as executor, having made his final settlement and distribution, ordered of the remaining funds in his charge, and he having complied with such order became thereby discharged from further liability as such executor. 2 Woerner on Administration, sec. 570, p. 1253. He was thereupon necessarily *functus officio*. 2 Woerner on Administration, sec. 572, p. 1256; *State to use v. Stephenson*, 12 Mo. 178, 182; *State ex rel. v. Grigsby*, 92 Mo. 419, 426. (4) The plaintiff neither as executor nor in his individual capacity was ever in possession of the land for the "rent and use" of which he sued. The defendants did not hold under him, nor did the relation of landlord and tenant exist between them. "To support the action for use and occupation the relation of landlord and tenant must exist between the parties." *Sturges v. Botts*, 24 Mo. App. 282, 286; *Hood v. Mathis*, 21 Mo. 308; *Edmondson v. Kite*, 43 Mo. 176; Wood on Landlord & Tenant, pp. 948–950.

No brief filed for respondent.

SMITH, P. J.—The plaintiff, the executor named in the last will of Merideth Brown, deceased, sued the defendants before a justice of the peace. The statement of the plaintiff was in these words (omitting the title of the cause), "To rent and use of the home place of said Merideth Brown since the death of the widow, eighteenth of April, 1888, said land being one hundred and sixty acres in Parson Creek township, up to March 1, 1889, $125." Among the provisions in the will of the said Merideth Brown, which was duly probated, were the following: "I give, devise and bequeath to my beloved wife, Cynthia Brown, in lieu of her dower, the plantation on which we now reside, situate and being the southwest quarter of section four (4), in township fifty-seven (57), of range twenty-one (21), during her natural life; and a cow to be selected by her (and other personal property). * * * And at the death of my said wife all the property hereby bequeathed to her, or so much thereof as may then remain unexpended, be sold and equally divided among my heirs. * * * I will that my executor sell the balance of my real estate within two years from my death and the proceeds be equally divided among my heirs. * * * And lastly I hereby constitute and appoint George M. Landree to be the executor to this my last will and testament."

The executor named in the will made final settlement of the estate in February, 1881, and was discharged. Cynthia Brown, the widow of the testator, rented the homestead devised to her under the will to the defendants, who were in possession as her tenants at the time of her death in April, 1888, and so continued until March, 1889. The defendants, it is conceded, did not enter into any contract or agreement with the plaintiff respecting the use and occupancy of

the said homestead. There is no pretense that the relation of landlord and tenant existed between the plaintiff and the defendants. It was shown that the rent of said homestead was reasonably worth the amount claimed for the time it was occupied by the defendants after the death of the life tenant. The plaintiff had judgment and the defendants have appealed.

It will be observed that the effect of the provisions of the testator's will was to devise to his widow a life-estate in his homestead with remainder over to his heirs. The will did not vest in the executor any power in respect to this land. It was not needed for the payment of debts, it may be inferred, since the executor in his final settlement had money on hand belonging to said estate which he was ordered to distribute among the heirs of the testator. The life tenant died more than seven years after the executor had made final settlement of the testator's estate. His duties and functions as such executor had long long since terminated. On the death of the life tenant the title to the estate was absolute in the heirs. The executor in respect to the estate occupied no relation different than that of any other stranger. He was not authorized to rent the land. An agreement with him entered into by the defendants would have conferred no authority upon them to use and occupy the land as against the claims of the heirs. Possession under a lease from him would have afforded the defendants no protection against the heirs' right of entry. This being so, upon what principle, may it be asked, has he any right of action against the defendants? And as the relation of landlord and tenant did not exist between plaintiff, in any capacity, and the defendants, the action for use and occupation could not be maintained. *Sturges v. Botts,* 24 Mo. App. 282; *Hood v. Mather,* 21 Mo. 308; *Edmonston v. Kite,* 43 Mo. 176.

It inevitably follows from the foregoing observations that the plaintiff was not entitled to recover and that the court erred in declining to so declare the law. The judgment will be reversed. All concur.