McAllister v. Reel.

ALEXANDER MCALLISTER, Plaintiff, Appellant, v. JOHN
H. REEL, Defendant, Appellant.

St. Louis Court of Appeals, October 23, 1894.

Eminent Domain: LEASEHOLD INTEREST: VALUE OF IMPROVEMENTS BY LESSEE. The damages, assessed as the value of an outstanding leasehold interest in land in proceedings of eminent domain, should not embrace the value of improvements made by the lessee during his term to buildings on the land, if the lessee has not the right to remove these improvements, and is entitled to compensation therefor under the lease only in case of a sale of the premises during the term.

*Appeal from the St. Louis County Circuit Court.*—
HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Frank K. Ryan* and *Frank J. O'Reilly* for plaintiff.

The rule as to the plaintiff's damage adopted by the court below was improper under the amended petition in this case and the facts introduced in evidence in support of the allegations of said amended

petition. *McAllister v. Reel*, 53 Mo. App. 31; *Clarkson v. Skidmore*, 46 N. Y. '304.

*R. S. Reel* for defendant.

BIGGS, J.—This is the second time this case has been before us (53 Mo. App. 81). The facts are fully stated in the first opinion, and need not be restated here. We then held that, under the undisputed facts, the plaintiff was equitably entitled to recover from the defendant his proportionate share of the award of the commissioners. As the record did not show the data for us to make the apportionment, we reversed and remanded the cause, and stated the basis of the apportionment; that is, that the plaintiff, as tenant, was entitled to the present value of his leasehold interest, taking the total amount of the award as a basis, from which should be deducted the present value of the rents which he would have had to pay if the lease had continued. Prior to the retrial the plaintiff filed an amended petition, in which he made the additional allegation that he had expended a large amount of money in the improvement of the house and outbuildings situated on the leasehold premises, and that he was entitled to recover such increased value in addition to the value of his leasehold, as above directed. In support of this amendment his evidence tended to prove that the improvements had been increased in value $2,000 by reason of the work done and materials furnished by him. At the conclusion of the trial he asked the court to instruct the jury according to his view, but the court refused to do so and gave the following on its own motion:

"1. The jury will disgard all testimony offered by the plaintiff as to the value of any improvements made by him under the lease.

"2. The court instructs the jury that plaintiff can not recover for any improvements put upon the leasehold premises, either during the lease, prior to the lease of June, 1886, or for improvements made under the lease of that date.

"3. The court instructs the jury that plaintiff can not recover for any special damage that plaintiff may have sustained by the taking of the leasehold premises by the city of St. Louis.

"4. Under the pleadings and evidence the plaintiff is entitled to recover the cash value of his interest in the leasehold at the time the money was paid to the defendant by the city, with six per cent. (6%) interest from the date of the begining of this suit; and, to ascertain the value of plaintiff's interest in the lease, you will take the whole amount of the award made by the city of St. Louis, viz., four thousand, seven hundred and thirty five (4,735) dollars, and compute interest thereon at six per cent. per annum from the time that the city took possession of the property and paid for the same, until the date of the termination of plaintiff's lease on the first day of June, 1896, and then reduce the total amount of such interest to a present cash value, then you will find the total amount of rent to have been paid by the plaintiff from said time when said property was so taken, not before paid by him, until the date of termination of said lease, as aforesaid, and reduce this amount to the present cash value thereof. Next take the gross cash value of the lease, as found by ascertaining the cash value thereof, and from this amount deduct the gross cash value of the rent found by ascertaining the present cash value thereof, and the final amount thus found will be the net value of plaintiff's interest in the lease, which plaintiff is entitled to recover herein."

The court also refused all instructions asked by the defendant. The jury returned a verdict in favor of

plaintiff for five hundred and twenty-nine dollars and twenty-seven cents. Both parties filed motion for new trials, and both have appealed.

We are of the opinion that the circuit court was right in its instructions. If the defendant had sold the premises, then the plaintiff could have recovered the value of the improvements made by him, for the reason that the lease so provides. But the defendant did not sell the premises, nor was the forfeiture of the lease brought about through any fault of his. The eviction suffered by the plaintiff resulted from the exercise of the right of eminent domain by the state. The titles to all lands and all rights depending thereon are held subject to the exercise of this right of sovereignty. In the case of *Biddle v. Hussman*, 23 Mo. 597, Judge LEONARD said: "The condemnation was a reassumption by the state of her original title to the land under her right of eminent domain. It was a revocation of the landlord's title, and may well be considered as extinguishing all rights depending upon the continuance of that title. This revocation was affected by law without fault of either party, and could only be upon a just compensation to both parties according to their respective rights in the property. The landlord was entitled to the present value of his reversion, and of the rents that were to become due to him during the continuance of the term, and the tenant to the present value of his leasehold interest over and above the rents payable during the term. The public, upon the resumption of the land, must pay the present value of the property, which is to be distributed between the landlord and tenant according to their respective interests."

The instruction of the court as to the extent and basis of the appellant's recovery is in conformity with the foregoing decision, and also with the opinion of

this court on the former appeal.   Upon what principle the plaintiff demands compensation for his improvements, we do not clearly understand.   The improvements when made became the property of the defendant, as there was nothing in the lease authorizing their removal, or requiring that they should be paid for at the end of the term.   The plaintiff was only entitled under the lease to pay for the improvements, in case the defendant should sell the premises prior to the expiration of the leasehold.   The defendant did not sell, but the property was taken for public use.

In the case of *Clarkson v. Skidmore*, 46 N. Y. 304, upon which the plaintiff relies, the forfeiture of the lease was brought about by the foreclosure of a prior mortgage executed by the lessor.   In the distribution of the surplus arising from the sale under the mortgage, the court held that the interest of the lessee in the fund was the difference between the value of the use of the premises for the remainder of the term and the annual rent; and to determine the value of such use the court permitted the tenant to prove the amount of rents which he was getting at the time of the condemnation. This ruling was upon the theory that the forfeiture was brought about by the act of the lessor.   We, therefore, conclude that the plaintiff has received all to which he is justly entitled from the defendant.

There is likewise no merit in the defendant's appeal.   All questions presented by his instructions were decided adversely to him on the former appeal, and the amount ascertained by the jury to be due is mathematically correct.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed.   It is so ordered.