## EDMUND REALTY CO. v. WALMER BLDG. CO.

### No. 11968.

Circuit Court of Appeals, Eighth Circuit.

Oct. 16, 1941.

Paul Bakewell, Jr., of St. Louis, Mo. (Claude I. Bakewell and John E. Cramer, Jr., both of St. Louis, Mo., on the brief), for appellant.

Maurice L. Stewart, of St. Louis, Mo. (G. T. Meyer, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal arises out of a suit in condemnation brought by the United States in furtherance of the Jefferson Expansion Memorial Project in which the United States took for the Project certain property located at the northeast corner of Fourth and Market Streets in the City of St. Louis, together with the improvements thereon. Appellant is the owner of the fee and appellee is the lessee under a ninety-nine year lease having 61 years and 201 days to run at the date of the taking. Judgment was rendered fixing the value of the whole property in one lump sum at $158,950, and the parties acquiesced.

After the award had been settled and paid into the registry of the court, the owner of the fee and the lessee each presented an intervening petition asserting its respective claims. Trial of the issues so defined was had to the court and the court found from the evidence that the value of the leasehold estate was $92,283.33 and that the value of the reversion was $66,666.67. Its judgment distributed the award accordingly (after substracting an agreed item of $1,802.36) and the owner of the fee prosecutes this appeal, claiming that the portion of the award allotted to the lessee was excessive and that the portion allotted to it was inadequate.

It appears that when the case came on for trial the fee owner contented itself with offering in evidence only: (1) the lease, (2) the award of $158,950 (six percent of which would be $9,537), and (3) proof that the average annual cost of occupancy by the tenant under the lease, including rental, taxes and other required payments, would be $8,801.09, and thereupon it rested. It pointed out that the difference between $9,537 and $8,801.09 was $735.91, and it contended that the value of the lessee's interest was the present value of $735.91 a year over the years the lease had to run in the future, the amount so produced being $9,651.68 (from which it contended the agreed item of $1,802.36 should be deducted). It claimed the balance of the award in the sum of $149,298.32 for the owner of the fee. It took the position that the St. Louis Court of Appeals had established that method of distributing a lump award between the fee owner and the tenant as the law of Missouri by its decisions in McAllister v. Reel, 53 Mo.App. 81; McAllister v. Reel, 59 Mo. App. 70, and City of St. Louis v. Senter

Commission Co., 233 Mo.App. 804, 108 S. W.2d 1070, 1073, that the law was so established at the time the lease was made, and that the District Court was bound to apply the method in its findings and judgment. The formula assumes six percent to be the prevailing rate of interest and the result of applying the formula here would be to give the owner a sum which at six percent interest would produce $8,947.88 a year (which was more than twice the $4,000 a year rental due it under the lease) and it would leave the lessee a sum which at the same rate of interest would produce $470.-95 a year, or only a fraction of the income which it got net out of its ownership of the lease before the condemnation. It had sublet the premises for terms of years and had received an average of $16,274.30 gross rental from 1929 to 1937, inclusive. The testimony adduced by the lessee tended to show that the actual value of its interest was about $100,000.

The district judge took the case under advisement and filed an opinion in writing in which he discussed the decisions of the St. Louis Court of Appeals relied on by appellant and also the decisions of the Missouri Supreme Court. He recognized that he was bound to apply the Missouri law, but held upon the facts before him that the law as declared by the Supreme Court of the state did not sanction or permit the application of the formula contended for by appellant but required that the landlord be awarded the present value of its reversion and of the rents that were to become due to it during the continuance of the term and that the tenant be awarded the present value of its leasehold interest over and above the rents payable during the term. He stated that inasmuch as his ruling might result in a decision based upon only the evidence introduced by the lessee (which as stated tended to show the value of its interest to be about $100,000), the submission of the case should be set aside to permit the parties to offer further evidence. Thereafter further evidence was adduced by both parties and upon consideration of the whole evidence the value of the interests of the parties respectively was found as stated above.

The appellant presents that the sole issue to be determined here is, "What is the value of the leasehold?", and its contention is that such value is the amount which results from the application of the above formula.

We think the contention is without merit and we agree with the declaration made by the trial court in its opinion overruling the motion for decree to "conform to the law of the State of Missouri as established by the St. Louis Court of Appeals": "The application of such an arbitrary rule to the facts in this case would result in a division of this award most unjust, approaching the unconscionable. As the Missouri Supreme Court has stated in [City of St. Louis v. Brown, 155 Mo. 545, 56 S.W. 298, 302], 'any rule that so limits the damages in such case as that the result will be in fact less than just compensation for the injury suffered falls short of the constitutional measure [against taking private property for public use without just compensation].'" Const.Mo. art. 2, § 21.

We have carefully examined the three decisions of the St. Louis Court of Appeals upon which appellant relies and we find therein no support for the contention that the court intended to, or has, laid down a rule of thumb as the law to be generally applied in determining the respective values of fee owner and lessee interests in property where a lump sum has been awarded and division must be made. On the contrary, the court expressly stated in the first McAllister case in respect to the formula there suggested (53 Mo. App. page 86), "This method of computation is only applicable to the particular facts of this case." The court was reviewing and reversed a judgment in favor of a lessee where the evidence in the record failed to show that the lessee's interest had any value. In the Senter case the proof was that the leasehold interest for which compensation was claimed was of no value because the lease obligations exceeded what could be gotten out of the occupancy and use. After stating what the proof was, and indicating the necessary conclusion that the lessee could not recover, the Court of Appeals appears to have tested the conclusion by comparison with the formula that had been suggested in the McAllister case. It noted that no compensable value for the leasehold would be produced by that method. The District Court rightly refused in this case to determine the values by following the formula.

Aside from the formula the record here contains substantial evidence in the traditional form of testimony given by

qualified expert witnesses establishing the value of the fee and the value of the leasehold of the property taken in condemnation. There was conflict, but appellant had no substantial evidence that its interest was of any greater value than the amount awarded to it. The court's findings as to the value of each interest are fully sustained by, and are in accord with, the evidence. The law applied was as declared by the Supreme Court of Missouri in Biddle v. Hussman, 23 Mo. 597, 602; City of St. Louis v. Brown, 155 Mo. 545, 56 S.W. 298; Chouteau v. Missouri-Lincoln Trust Co., 310 Mo. 665, 276 S.W. 49; Garnhart v. Finney, 40 Mo. 449, 93 Am.Dec. 303; Missouri Pac. Ry. Co. v. Porter, 112 Mo. 361, 20 S.W. 568; Kansas City, C. & S. R. Co. v. Story, 96 Mo. 611, 10 S.W. 203, and there was neither neglect nor refusal to apply the Missouri law to the facts in the case. The Court of Appeals decisions were considered and accorded due weight, but the formula therein referred to was properly held not applicable in this case.

By the terms of the lease the lessee was required to erect a building on the land at a cost of at least $60,000 and it did in fact expend an amount "greatly in excess of $60,000.00" in such construction. The lease provisions were such that the building became a part of the realty and therefore would inure to the owner of the fee on termination of the lease. Appellant complains that the fact of its ownership of the building was not taken into account in the testimony, findings or judgment, but the record shows that the witnesses who testified to the value of the fee interest were apprised of the legal effect of the lease provisions and the provisions were in evidence before the court. There was no request for any special ruling or finding in respect to them or their effect on the values, and there is no reason to doubt that the court fully considered all proper elements in finding the value of the reversion as well as in finding the value of the leasehold estate.

Although many matters of fact and law are argued in appellant's brief under the heading "The Single Issue in This Case", we find no further points argued which appear to us to require discussion. The value of each party's interest in the property taken was properly determined in accordance with Missouri law.

Affirmed.