STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff,

v.

William A. DOUGLASS, Fern M. Douglass,
Defendants-Appellants,

Arthur C. Farthing, Irene Farthing,
Defendants-Respondents

No. 23251.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1961.

James H. Anderson, J. K. Owens, Kansas City, for appellants.

Reginald Smith, Independence, for respondents.

BROADDUS, Judge.

This action arises out of the condemnation of property by the State Highway Commission. Defendants William A. Doug-

lass and Fern M. Douglass were the owners of Lot 419, Greendale, a subdivision in Kansas City, Missouri. Upon this lot, known as 3001 and 3003 Van Brunt Boulevard, was a one-story building consisting of two storerooms. Defendants Arthur C. Farthing and Irene Farthing were the lessees of the south portion of said building. The lease did not expire until February 9, 1967. It provided rent at the rate of $125 per month from February 9, 1959, to February 9, 1964, and for $135 per month from February 9, 1964, until February 9, 1967. The lease also provided that the premises should be used for a laundry and ordinary dry cleaning agency, and during the time the Farthings occupied the building they conducted this sort of business.

The condemnation proceedings resulted in an award of $25,000. This sum was deposited with the Circuit Clerk on October 21, 1959. On November 4, 1959, Mr. and Mrs. Farthing filed their motion in the Circuit Court seeking an allowance for the value of the unexpired term of said lease. They claimed to have been damaged in the sum of $8,000. The Court, after hearing the evidence, entered judgment for $3,500. Defendants William A. Douglass and Fern M. Douglass have appealed.

At the trial Mr. Farthing testified that the reasonable market value of the lease as of the date of the payment of the award to the Circuit Clerk was $7,500. In addition to the testimony of Mr. Farthing respondents called as a witness Mr. David W. Childs. Mr. Childs was shown to have been engaged in the handling of sales and rentals of real estate in Kansas City for many years and experienced in the appraisal of leases for storerooms and properties similar to that here involved. He testified that in his opinion the fair market value of the leasehold of respondents, taking into consideration the period yet to run, the favorable and unfavorable factors thereof, the location, type and construction of the building, the business of the tenant, comparable properties in similar neighborhoods, present market conditions and future market trends,

all brought him to the conclusion and opinion that the reasonable market value of the unexpired term of the lease was $3,500.

The real controversy between respondents, as lessees of the storeroom, and appellants as owners of fee in said premises, goes to the question of the manner of determination by the trial court of the fair market value of the leasehold estate so as to allocate the same to the owners thereof.

Appellants submit as controlling a formula set forth in decisions rendered by the St. Louis Court of Appeals in McAllister v. Reel, 59 Mo.App. 70, and City of St. Louis v. Senter Commission Company, 233 Mo. App. 804, 108 S.W.2d 1070. The question we are here concerned with was very ably discussed by Judge Woodrough of the Eighth Circuit Court of Appeals in the case of Edmund Realty Co. v. Walmer Building Co., 123 F.2d 54. The appellant in that case raised the question as to the value of a leasehold and contended that the law of Missouri required the application of the formula expressed in the McAllister and Senter cases. The court sustained an award to the lessees based upon evidence in the traditional form of testimony given by qualified expert witnesses establishing the value of the fee and the value of the leasehold of the property taken in condemnation. The court upheld the District Court in refusing to apply the formula set forth in the McAllister and Senter cases and declared the law of Missouri to be as set forth and declared by the Supreme Court of Missouri in the following cases: Biddle v. Hussman, 23 Mo. 597; City of St. Louis v. Brown, 155 Mo. 545, 56 S.W. 298; Chouteau v. Missouri-Lincoln Trust Co., 310 Mo. 665, 276 S.W. 49; Garnhart v. Finney, 40 Mo. 449, 93 Am.Dec. 303; Missouri Pacific Ry. Co. v. Porter, 112 Mo. 361, 20 S.W. 568; Kansas City, C. & S. R. R. Co. v. Story, 96 Mo. 611, 10 S.W. 203. And likewise in the instant case the transcript "contains substantial evidence in the traditional form of testimony given by" a qualified expert witness (Mr. Childs)

establishing the reasonable value of the leasehold. The trial court's finding was in strict accord with that testimony.

The judgment is affirmed.

All concur.